[Civ. No. 34129.  Second Dist., Div. One.  Dec. 12, 1969.]

MARIA ADELA GASTELUM et al., Plaintiffs and Respondents, v. CITY OF TORRANCE et al., Defendants and Appellants.

## Counsel

Howard W. Shelton, McBain & Morgan, Angus C. McBain and Kermit J. Morgan for Defendants and Appellants.

Richards, Watson & Hemmerling, Robert L. Hitchcock, and Manuel Hidalgo for Plaintiffs and Respondents.

## Opinion

**THOMPSON, J.**—This appeal reaches us on an agreed statement of facts.[1] A jury awarded respondents damages in the amount of $290,000 for the wrongful death of Alvarado. The decedent, while working within the scope of his employment, was killed in an accident resulting from the concurrent negligence of appellants and his employer. Prior to trial, respondents were awarded death benefits and burial expenses payable by the workmen's compensation carrier for the employer. The death benefit award was $20,500, payable at the rate of $70 per week "until fully paid." At the time of judgment, $7,200 of the award was unpaid.

The trial court rendered judgment pursuant to the jury verdict reducing the award by $13,900, the amount that had been paid on the workmen's compensation death benefit award to the date of judgment.[2] The trial court did not reduce the judgment by the remaining balance of the death benefit award. Appellants assert that it should have done so.

The issue raised on this appeal is a part of the fallout of *Witt* v. *Jackson*, 57 Cal.2d 57 [17 Cal.Rptr. 369, 360 P.2d 641], which establishes the principle that while an employer or its workmen's compensation carrier is normally entitled to reimbursement from a third party tortfeasor for compensation benefits paid for injuries caused by the third party, the rule of reimbursement is inapplicable where the employer's negligence contributes to the injury. *Witt* holds that in such cases the judgment against the third party tortfeasor is to be reduced by the amount of the compensation benefits paid. The question now before us concerns the applicability of that principle to workmen's compensation benefits to be paid in the future.

A related question was before the Court of Appeal in *Slayton* v. *Wright*,

---

[1]After briefs were filed, appellants dismissed their appeal from a judgment awarded respondents Gastelum in an action consolidated with a suit brought by respondents Alvarado.

[2]The mathematical discrepancy is not raised as an issue on appeal. It is not explained in the agreed statement.

.271 Cal.App.2d 219 [76 Cal.Rptr. 494] (hearing denied by the Supreme Court May 21, 1969). *Slayton* deals with the offset against a personal injury judgment of amounts payable in the future by reason of a permanent disability workmen's compensation award for an injury caused by the concurrent negligence of the third party tortfeasor and the employer of the injured party. It holds that (271 Cal.App.2d at p. 232): ". . . the *Witt* doctrine should not be extended to allow a deduction for compensation benefits which might be payable in the future."

Denial of hearing by the Supreme Court in *Slayton* compels us to reach the same result in the case at bench. Appellants argue that the future periodic workmen's compensation benefits payable for permanent disability in *Slayton* were contingent upon the continued survival of the injured party and that therefore the total amount eventually payable was so speculative as to preclude offset. They seek to distinguish *Slayton* from the case at bench on the basis that the death benefits here involved are of an established amount, payable at the rate of $70 per week "until fully paid." We cannot accept that distinction. A contingency similar to that present in *Slayton* exists in the case at bench. The death benefit payments will terminate regardless of the established total benefit if the dependent beneficiary of the decedent to whom they have been awarded dies and there is no other surviving dependent. (Lab. Code, § 4706, subd. (a).[3] If the contingency of death of the dependent beneficiary without other surviving dependent occurs, the award will have been "fully paid" although the face amount of the compensation award has not been disbursed.

Unquestionably, there is a difference in the actuarial potential of the occurrence of the contingency in *Slayton* (death of the permanently disabled worker) from that in the case at bench (death of the dependent beneficiary and other surviving dependents of the deceased). That difference, however, is one of degree and not of kind. It does not permit us to

---

[3]"Subdivision (a) If a dependent beneficiary of any deceased employee dies and there is no surviving dependent, the death benefit terminates and does not survive to the estate of the deceased dependent, except that payments of the death benefit accrued and payable at the time of the death of the sole remaining dependent shall be paid upon the order of the appeals board to the heirs of the dependent or, if none, to the heirs of the deceased employee, without administration."

disregard the stamp of approval of our Supreme Court upon the decision in *Slayton*.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.