[Civ. No. 12319. Third Dist. Sept. 22, 1970.]

OSWALD N. NELSEN, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CAPITOL ROOF STRUCTURES et al., Respondents.

[Civ. No. 12397. Third Dist. Sept. 22, 1970.]

JAMES H. SMITH, JR., Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
AEROJET GENERAL CORPORATION et al., Respondents.

[Civ. No. 12398. Third Dist. Sept. 22, 1970.]

FREDERICK N. MYERS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
MARINE TERMINALS CORPORATION et al., Respondents.

[Civ. No. 12399. Third Dist. Sept. 22, 1970.]

EARL MARGLON, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
ROBERT S. MILLER et al., Respondents.

(Consolidated Cases.)

**COUNSEL**

Richard J. Asbill, Kenneth B. Cayocca, J. Adrian Palmquist, Daniel L. Mitchell, Robert Hall, Garry, Dreyfus, McTernan & Brotsky, Francis J. McTernan, David E. Pesonen, Condon, Dolgin, Kully & Jameson and David A. Dolgin for Petitioners.

Everett A. Corten, Rupert A. Pedrin, Jon L. Gateley, Mullen & Filippi, Frank J. Filippi, Hanna & Brophy, Albert Sennett and Kiernan & Misciagna for Respondents.

T. Groezinger, Loton Wells and Herbert Lasky as Amici Curiae on behalf of Respondents.

**OPINION**

**JANES, J.**—

■ Each of these four workmen's compensation cases involves facts of which the following pattern is typical: The employee had been furnished benefits by his employer's workmen's compensation carrier. The carrier later intervened or filed a lien claim in the employee's civil action against an alleged third party tortfeasor for the same injuries. In that action, the court or jury found that the employer's concurrent negligence was a proximate cause of the injuries. The employee recovered from the third party by judgment or by settlement made at or after trial. Then the employee sought an award of further workmen's compensation benefits. Upon petition for reconsideration, respondent Workmen's Compensation Appeals Board (hereinafter, "board" or "WCAB") held that the employer's liability for further benefits should be credited with the amount of the employee's net recovery from the third party after deduction of the employee's expenses and attorneys' fees in the civil action.

Upon application by the four employees, writs of review were issued and the cases were consolidated for our determination whether it was proper for the board to allow the credits. We hold that it was not.

In *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641], the court pointed out that "There are three ways in which an employer who becomes obligated to pay compensation to an employee may recover the amount so expended against a negligent third party. He may bring an action directly against the third party (Lab. Code, § 3852), join as a party plaintiff or intervene in an action brought by the employee (Lab. Code, § 3853), or allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees (Lab. Code, § 3856, subd. (b))." *Witt* held, however, that "the employer's right to recover against the third party tortfeasor is defeated when the employee's injuries are caused by the concurring negligence of the employer and that in such circumstances, whether the action is brought against him by the employer or the employee, the third party, upon establishing such concurrent negligence, is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee. (*Witt* v. *Jackson, supra,* pp. 71-73.)" (*De Cruz* v. *Reid* (1968) 69 Cal.2d 217, 222-223 [70 Cal.Rptr. 550, 444 P.2d 342].)

In the civil actions which preceded three of the cases at bench, the judgments against the third parties were arrived at by applying such reduction. In one of those three cases (Marglon v. WCAB), the civil judgment was followed by a settlement with the third party pending appeal. The fourth case at bench (Smith v. WCAB) was preceded by a civil action in which the third party defendant settled during trial. The employer's concurrent negligence was found in the latter action upon a separate trial of the compensation carrier's complaint in intervention.

The third party's right to defeat the negligent employer's resort to the Labor Code reimbursement remedies was based in *Witt* on the policy that such employer should not be allowed to profit by his own wrong. (*De Cruz* v. *Reid, supra,* 69 Cal.2d at p. 225; *Witt* v. *Jackson, supra,* 57 Cal.2d at pp. 72-73.) The rule announced in *Witt* is a rule of decisional law. Although *Witt* cited Code of Civil Procedure sections 875-880 (which abrogated the rule of noncontribution between joint tortfeasors), it did so merely to demonstrate that the rationale of prior decisions was no longer applicable. (*Chick* v. *Superior Court* (1962) 209 Cal.App.2d 201, 204 [25 Cal.Rptr. 725].) "The decision in *Witt* is in terms not made to depend upon these sections [875-880], which have, in fact, no direct bearing on the question decided in the *Witt* case." (*Id.,* p. 205.)

*Witt's* requirement that the employee's judgment against the third party must be reduced by the amount of workmen's compensation received from the negligent employer is founded on the concept that "the injured em-

ployee may not be allowed double recovery. . . ." (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 73.) The Supreme Court has explained, however, that *Witt's* prohibition of double recovery "is nothing more than a reference to the usual rule of law existing in negligence actions generally, that a partial satisfaction of the liability by a *joint or concurrent tortfeasor* will result in a *pro tanto* reduction of the liability of the other tortfeasors" (*De Cruz* v. *Reid, supra,* 69 Cal.2d at pp. 225-226) (original italics), and the court has clearly indicated that the collateral source rule of damages is inapplicable when workmen's compensation payments are received from an employer whose causative negligence is concurrent with that of a third party tortfeasor.[1] (*Id.,* pp. 223-227; compare, *Slayton* v. *Wright* (1969) 271 Cal.App.2d 219, 232, fn. 1 [76 Cal.Rptr. 494] (dictum).)

■ Although an employer's right to recover against a negligent third party, or to lien the employee's judgment against that party, is a legislative recognition of the equitable doctrine of subrogation (*De Cruz* v. *Reid, supra,* 69 Cal.2d at p. 222), those rights are wholly statutory. (See *Heaton* v. *Kerlan* (1946) 27 Cal.2d 716, 723 [166 P.2d 857]; *Jacobsen* v. *Industrial Acc. Com.* (1931) 212 Cal. 440, 446-448 [299 P. 66]; *Limited Mut. etc. Ins. Co.* v. *Billings* (1946) 74 Cal.App.2d 881 [169 P.2d 673].) Likewise, except in unusual circumstances not here present, the board's authority to allow employers a credit is derived solely from statute. (See *San Bernardino County* v. *Industrial Acc. Com.* (1933) 217 Cal. 618, 625-628 [20 P.2d 673].)

In allowing credits to respondent employers in the present cases, the board purported to act under Labor Code sections 3858[2] and 3861.[3]

---

[1] The Supreme Court has not yet harmonized the views it expressed in *De Cruz, supra,* with the principle the same court earlier expressed that "The liability of an insured employer to an employee who is injured during the course of his employment is fundamentally different from that of a third person whose negligent conduct, jointly with that of the employer, resulted in the injury. The third person, of course, is liable under general rules of tort law, as applied by a court. An insured employer, however, is not liable for an industrial injury to his employees under general tort principles but only by virtue of the workmen's compensation provisions of the Labor Code. . . ." (*Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 624-625 [311 P.2d 1]; see also, *Chick* v. *Superior Court, supra,* 209 Cal.App.2d at p. 203; *Record* v. *Indemnity Ins. Co.* (1951) 103 Cal.App.2d 434, 444 [229 P.2d 851]; cf., *Anheuser-Busch, Inc.* v. *Starley* (1946) 28 Cal.2d 347 [170 P.2d 448, 166 A.L.R. 198].)

[2] Labor Code section 3858 provides: "After payment of litigation expenses and attorneys' fees fixed by the court pursuant to Section 3856 and payment of the employer's lien, the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction. No satisfaction of such judgment in whole or in part, shall be valid without giving the employer notice and a reasonable opportunity to perfect and satisfy his lien."

[3] Labor Code section 3861 provides: "The appeals board is empowered to and

The effect of these two sections "is to vest in the commission and to continue in the commission, exclusive jurisdiction to determine compensation, even though the third party action is brought before the jurisdiction of the commission has been invoked." (*Sanstad* v. *Industrial Acc. Com.* (1959) 171 Cal.App.2d 32, 39 [339 P.2d 943].) Thus, where particular workmen's compensation benefits have not been awarded by the board by the time a third party tortfeasor satisfies the injured employee's judgment against him, but an award of such benefits is later sought, sections 3858 and 3861 permit the employer to achieve the same result (in terms of net compensation outlay) as would have been possible by the employer's joinder, intervention or lien if the payment of such benefits had been made before the third party suit. (See *Sanstad* v. *Industrial Acc. Com., supra,* pp. 39-40; Lab. Code, § 3857.)

In *San Bernardino County* v. *Industrial Acc. Com., supra,* 217 Cal. at p. 628, in comparing the court's lien power in third party actions with the statutory predecessor (Stats. 1931, ch. 1119, pp. 2370-2371) of Labor Code sections 3858 and 3861 (under which the board allows credits), the Supreme Court said: "The amendment was designed to permit the Commission to do *what the court theretofore alone could do*—prevent double recovery by crediting the employer with the employee's recovery against the third party." (Italics ours.)[4] *Witt* clearly indicates, however, and the rule has been applied, that "an employer, or his compensation carrier, seeking the recovery of workmen's compensation paid to the employee by the imposition of a lien under Labor Code, section 3856, cannot do so where it is found that the concurrent negligence of the employer contributed to the employee's injuries." (*Harness* v. *Pacific Curtainwall Co.* (1965) 235 Cal.App.2d 485, 490 [45 Cal.Rptr. 454]; see *Witt* v. *Jackson, supra,* 57 Cal.2d at pp. 69-73; *La-Borde* v. *McKesson & Robbins, Inc.* (1968) 264 Cal.App.2d 363, 367 [70 Cal.Rptr. 726]; *Tate* v. *Superior Court* (1963) 213 Cal.App.2d 238, 246-248 [28 Cal.Rptr. 548].)

The Supreme Court has emphasized in *Witt* that "there is nothing in the Labor Code to suggest that the Legislature contemplated that a negligent employer could take advantage of the *reimbursement* remedies that those sections provide. In the absence of express terms to the contrary, these provisions must be deemed to be qualified by Civil Code section 3517 which provides that 'No one can take advantage of his own wrong.' " (*Witt* v. *Jackson,*

---

shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

[4]Where here relevant, section 3861 has substantially the same phraseology as the amendment considered in the *San Bernardino* case.

*supra,* 57 Cal.2d at p. 72.) (Italics ours.) Such legislative abstention and Civil Code qualification cannot rationally be ignored in applying the Labor Code *credit* provisions (§§ 3858, 3861) which are companion to the reimbursement remedies discussed in *Witt.* If the *court* cannot allow a lien where the employer was concurrently negligent, logic dictates that the *board* cannot allow a credit where the employer's negligence has been previously determined in the employee's third party action. In a later workmen's compensation proceeding wherein the employee seeks benefits which no board award had theretofore obligated the employer to pay, the employee may therefore assert the employer's adjudicated negligence "defensively" against the employer's claim of credit, and the employer is collaterally estopped by the determination made against him on that issue in the third party action.[5] (See *French* v. *Rishell* (1953) 40 Cal.2d 477 [254 P.2d 26]; *O'Connor* v. *O'Leary* (1967) 247 Cal.App.2d 646 [56 Cal.Rptr. 1]; *Palm Springs Paint Co.* v. *Arenas* (1966) 242 Cal.App.2d 682, 688 [51 Cal.Rptr. 747]; *Clark* v. *Erich* (1963) 217 Cal.App.2d 233, 239 [31 Cal. Rptr. 628]; *McDougall* v. *Palo Alto etc. School Dist.* (1963) 212 Cal.App. 2d 422, 428-431 [28 Cal.Rptr. 37].)

This result casts no new liability upon respondent employers. They pay no more than they would have had to pay if, *prior* to the third party actions, petitioners had received awards and payments for all permanent disability indemnity and other workmen's compensation benefits which they currently seek. "The *Witt* doctrine '. . . produces the overall result that in a case of compensable injury inflicted upon the employee by the concurrent negligence of a third party and the employer, the former will be liable for the excess damages over and above the compensation benefits, while the latter, or his compensation insurance carrier, will bear the *entire* compensation burden.' " (*Smith* v. *Trapp* (1967) 249 Cal.App.2d 929, 939 [58 Cal.Rptr. 229].) (Italics ours.) The fact that the employee first obtains judgment against the third party before seeking further workmen's compensation from the negligent employer undoubtedly denies the third party the smaller judgment ensuing if the employee were to obtain judgment after all possible com-

---

[5] In Marglon v. WCAB (one of the four cases here for review) the compensation carrier's complaint in intervention was voluntarily dismissed prior to verdict in the third party action. Thereafter, the employer's concurrent negligence was found by the court on the third party's motion to have prior compensation benefits applied in partial satisfaction of the judgment. The court's memorandum opinion and written order granting the motion indicate that it was heard without appearance by the employer or his carrier. Since the employer and compensation carrier were in privity with the employee to the extent that compensation benefits had been paid, the employer and his carrier were bound by the court's finding of concurrent negligence. (See *Witt* v. *Jackson, supra,* 57 Cal.2d at p. 72; *Benwell* v. *Dean* (1967) 249 Cal.App.2d 345, 359-362 [57 Cal.Rptr. 394]; *Tate* v. *Superior Court, supra,* 213 Cal.App.2d at pp. 246-248; cf., *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.* (1935) 8 Cal.App.2d 499, 503 [47 P.2d 783].)

pensation had been paid. (See *Witt* v. *Jackson, supra,* 57 Cal.2d at pp. 71-73.) But, since the employer's total compensation outlay would be the same in either event, any inequity inherent in the larger judgment is one which burdens only the third party.[6] (Cf., *De Cruz* v. *Reid, supra,* 69 Cal.2d at p. 227.)

In each of the four proceedings here for review, to the extent respondent board's decision after reconsideration allows the employer or its workmen's compensation insurance carrier a credit under either section 3858 or section 3861 of the Labor Code, said decision is annulled and each cause is remanded to the board for further proceedings consistent with the views expressed herein.

Friedman, Acting P. J., and Regan, J., concurred.

On October 8, 1970, the opinion was modified to read as printed above. The petitions of the respondent board in all the cases and of respondent Transport Indemnity Co. in No. 12397 for a hearing by the Supreme Court were denied November 18, 1970.

---

[6]It has been held, e.g., that the third party is not entitled to have the damages against him reduced by workmen's compensation benefits payable after judgment, even where the employee has received a permanent disability rating from the board prior to judgment. (*Slayton* v. *Wright, supra,* 271 Cal.App.2d at pp. 229-234; see also, *Gastelum* v. *City of Torrance* (1969) 2 Cal.App.3d 582 [82 Cal.Rptr. 732] (WCAB death benefit award).) Nor can the third party obtain contribution from the concurrently negligent employer. (*De Cruz* v. *Reid, supra,* 69 Cal.2d at p. 226, fn. 6.) The Supreme Court has not yet addressed itself to the questions passed upon in *Slayton* (hg. den.) and *Gastelum;* and no constitutional or legislative provision authorizes a single, plenary proceeding for adjudication of the ultimate tort and workmen's compensation liabilities of third party and employer.