[Civ. No. 11595. Fourth Dist., Div. Two. Dec. 27, 1971.]

ARLIS CORLEY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
R. BEVAN MORTENSEN et al., Respondents.

448

**COUNSEL**

Palmer, Baretta, Thordarson & Toomer and Ernest A. Palmer, Jr., for Petitioner.

Rupert A. Pedrin, Jon L. Gateley, Franklin Grady, Marcel L. Gunther, T. Groezinger, James J. Vonk and Philip M. Miyamoto for Respondents.

**OPINION**

**KAUFMAN, J.**—Petitioner (hereinafter Applicant) seeks review and annulment of an order granting reconsideration and decision after reconsideration by the Workmen's Compensation Appeals Board (hereinafter Board).

Applicant was an employee of PI Land & Cattle Company (hereinafter Employer). Employer's workmen's compensation carrier is State Compensation Insurance Fund (hereinafter Carrier). (For convenience, Employer

and Carrier jointly will be herein referred to as defendants.) In the course and scope of his employment, Applicant was severely injured while working with machinery installed for Employer by Hay Machinery Company, Inc. (hereinafter Hay Machinery).

Applicant filed an action for negligence against Hay Machinery in the Riverside Superior Court. Carrier intervened in the action seeking recoupment in excess of $40,000 for expenses incurred for medical treatment and payment of temporary disability. The evidence before the Board and, thus, the record before us does not disclose whether Hay Machinery asserted defensively either Applicant's contributory negligence or Employer's concurrent negligence. The third party suit was settled by the parties in the following manner. Applicant received $40,000 and executed in favor of Hay Machinery and its insurer a document entitled "RELEASE IN FULL SETTLEMENT AND COMPROMISE."[1] Carrier received $5,000 and it and Employer executed in favor of Hay Machinery and its insurer a release identical to that executed by Applicant except as to amount. A single "REQUEST FOR ENTRY OF DISMISSAL" form was executed by the attorneys for Applicant and the attorney for Carrier as well as the attorney for Hay Machinery. This document was filed with the court and dismissal subsequently entered. These three documents, the two releases and the request for dismissal, constitute the only evidence before the Board as to the settlement of the lawsuit against Hay Machinery.

Thereafter, Applicant filed with the Board an application for adjudication of his rights under the workmen's compensation laws. Defensively, defendants asserted a right to credit against any workmen's compensation benefits payable the amount of Applicant's net recovery from Hay Machinery pursuant to Labor Code sections 3858 and 3861. In response, Applicant proposed to prove in the compensation proceeding that his injury was caused by the concurrent negligence of Employer, urging that the Employer's concurrent negligence would bar defendants' right to any credit.

Over defendants' objections that the Board lacked jurisdiction to try and adjudicate the issue of the Employer's concurrent negligence and that, in any event, the Employer's concurrent negligence was irrelevant and immaterial to the question of credit, the trial referee permitted Applicant to introduce evidence of Employer's concurrent negligence, and, after submission of the matter, found Applicant 100 percent disabled; that the Board had jurisdiction to try and adjudicate Employer's concurrent negli-

---

[1] After deduction of litigation costs and attorney fees, Applicant's net recovery amounted to $26,349.86.

gence; and that Applicant's injury was caused by the concurrent negligence of Employer. Accordingly, defendants were denied credit for any part of the amount obtained by Applicant from Hay Machinery, and an award was issued in favor of Applicant.

Defendants filed a timely petition for reconsideration (Lab. Code, § 5900 et seq.) on the grounds that the evidence did not justify the findings, the findings did not support the award and that by the award the Board acted without or in excess of its powers. Defendants' contentions were two: that the Referee erred in finding that the Board has jurisdiction to try and adjudicate the Employer's concurrent negligence and that, in any event, the Referee erred in denying defendants credit for Applicant's third party recovery.

Relying principally upon a prior en banc decision of the Board on legally indistinguishable facts in *Pearce* v. *Blackwell and Sunde,* 33 Cal. Comp. Cases 243, the Board rendered an opinion and order granting reconsideration and decision after reconsideration in which it determined that the Board had no jurisdiction to try and adjudicate the Employer's concurrent negligence and that where the Employer's concurrent negligence has not been adjudicated in the third party action, that issue is irrelevant to the issue of credit in a subsequent workmen's compensation proceeding. Accordingly, the Board made new findings of fact and issued a new award, both of which were substantially identical to those of the Referee except that defendants were granted a credit against benefits payable in the amount of $26,349.86, the amount of Applicant's net recovery from Hay Machinery.

### Issues

Two issues are presented. ■ First, does the concurrent negligence of an employer defeat the right of it and its workmen's compensation insurance carrier, as provided in Labor Code sections 3858 and 3861, to credit against subsequently awarded compensation benefits the amount of the employee's net third party recovery? Second, if the employer's concurrent negligence does defeat the statutory right to credit, does the Board have jurisdiction to try and adjudicate the issue of the employer's concurrent negligence in the workmen's compensation proceeding when that issue has not been determined in the third party action?

### Is the Right to Credit Defeated?

In the recent case of *Nelsen* v. *Workmen's Comp. App. Bd.,* 11 Cal. App.3d 472, 479 [89 Cal.Rptr. 638], it was held that, where the employ-

er's concurrent negligence was adjudicated in a prior third party action, the credit provided for by Labor Code sections 3858 and 3861 must be denied the employer and its compensation carrier in a subsequent workmen's compensation proceeding. It was there reasoned: "If the *court* cannot allow a lien where the employer was concurrently negligent [*Witt* v. *Jackson,* 57 Cal.2d 57, 73 (17 Cal.Rptr. 369, 366 P.2d 641)], logic dictates that the *board* cannot allow a credit where the employer's negligence has been previously determined in the employee's third party action . . . . [T]he employee may therefore assert the employer's adjudicated negligence 'defensively' against the employer's claim of credit, and the employer is collaterally estopped by the determination made against him on that issue in the third party action." (11 Cal.App.3d at p. 479; original italics.)

The *Nelsen* decision was followed in *Serrano* v. *Workmen's Comp. Appeals Bd.,* 16 Cal.App.3d 787, 789-792 [94 Cal.Rptr. 511] in which the court relied exclusively upon the holding and reasoning of *Nelsen.* We shall, therefore, hereinafter address ourselves to the *Nelsen* decision, albeit with the realization that our remarks are equally applicable to the decision in *Serrano.*

Although *Nelsen* is obviously distinguishable from the case under review in that here Employer's concurrent negligence was not adjudicated in the third party action, on the issue whether the right to credit is defeated by an employer's concurrent negligence, *Nelsen* holds squarely that it is. With this holding we respectfully disagree. Notwithstanding a denial of hearing by the California Supreme Court (11 Cal.App.3d at p. 480), in our view the holding in *Nelsen* that the concurrent negligence of an employer defeats its right to credit pursuant to Labor Code sections 3858 and 3861 fails to apprehend and carry out the purpose of *Witt* v. *Jackson, supra,* is violative of certain fundamental principles of our constitutionally provided workmen's compensation scheme and results in an unhealthy situation that permits and, indeed, encourages the manipulation of legal processes.

When the tort of a third party has caused injury to an employee, the Labor Code gives to the employer and its insurance carrier essentially two rights: (1) the right, by various procedures, to obtain from the third party tortfeasor reimbursement for compensation benefits previously furnished the injured employee (Lab. Code, §§ 3852, 3853 and 3856, subd. (b); see *Witt* v. *Jackson, supra,* 57 Cal.2d at p. 69); (2) the right to offset or credit against compensation benefits subsequently due the injured employee the net amount of the employee's recovery against the third party tort-

feasor (Lab. Code, §§ 3858 and 3861; see *Nelsen* v. *Workmen's Comp. App. Bd., supra,* 11 Cal.App.3d at p. 479).

While the injured employee's rights against a third party tortfeasor are fully preserved (Lab. Code, § 3852), the manifest purpose of the statutory scheme of reimbursement and credit to the employer is that the employee shall not retain both third party damages and workmen's compensation benefits except to the extent his compensation benefits exceed his third party recovery. (*Jacobsen* v. *Industrial Acc. Com.,* 212 Cal. 440, 447-448; *Sanstad* v. *Industrial Acc. Com.,* 171 Cal.App.2d 32, 35 [339 P.2d 943]; see also *Witt* v. *Jackson, supra,* 57 Cal.2d at p. 73; *Pacific G. & E. Co.* v. *Indus. Acc. Com.,* 8 Cal.App.2d 499, 503 [47 P.2d 783]; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.), § 24.04[5][a].[2]) This statutory scheme precluding the employee from obtaining compensation benefits to the extent of his net third party recovery is fully consonant with the purpose of the workmen's compensation law which is "to rehabilitate, not to indemnify." (2 Hanna, *supra,* § 1.05[3].) "A compensation system, unlike a tort recovery, does not pretend to restore to the claimant what he has lost; it gives him a sum which, added to his remaining earning ability, if any, will presumably enable him to exist without being a burden to others." (1 Larson, Workmen's Compensation Law (1968) §2.50[3]; see also Lab. Code, §3209; 2 Hanna, *supra,* § 1.05[5][a].) To the extent the injured employee has recovered against the third party tortfeasor the rehabilitative purpose of the workmen's compensation law has been fulfilled, and, unless the workmen's compensation benefits to which the employee would be entitled exceed the amount of the third party recovery, his obtaining additional compensation benefits is inconsistent with the fundamental purpose of workmen's compensation.

*Witt* v. *Jackson, supra,* did not purport to alter or disturb the statutory scheme precluding the employee's double recovery in the slightest. Indeed, the court in *Witt* expressly recognized and reaffirmed that principle. "[T]he injured employee may not be allowed double recovery . . . ." (57 Cal. 2d at p. 73; see *Brown* v. *Superior Court,* 3 Cal.3d 427, 433 [90 Cal. Rptr. 737, 476 P.2d 105]; Note, 21 Hastings L.J. 661, 668.)

The problem giving rise to the decision in *Witt* v. *Jackson* was this. When the employer's concurrent negligence caused the employee's injury jointly with the negligence of a third party, except for the workmen's

---

[2]All further reference in this opinion to this treatise will be designated simply "Hanna" with the appropriate volume and section numbers.

[3]All further reference in this opinion to this treatise will be designated simply "Larson" with the appropriate volume and section numbers.

compensation law, the employer would be a joint tortfeasor liable for contribution to the third party under Code of Civil Procedure sections 875 through 880.[4] (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 70; see 2 Larson, *supra*, §§ 76.00 through 76.22, especially at pp. 250.2-250.3 and 250.8 and 250.9.) Although liability for workmen's compensation benefits is the exclusive liability of an insured employer irrespective of his negligence (Cal. Const., art. XX, § 21; Lab. Code, § 3601), it seemed unjust to require the negligent third party to bear the entire economic loss caused concurrently by his negligence and that of the employer. (See 2 Larson, *supra*.) Thus understood, the decision in *Witt* v. *Jackson, supra,* is seen to be an attempt at mitigating this inequity by adjusting the respective rights and obligations between the third party tortfeasor and the concurrently negligent employer. (See *Witt* v. *Jackson, supra*, 57 Cal.2d at pp. 72-73; *DeCruz* v. *Reid,* 69 Cal.2d 217, 225-226 [70 Cal.Rptr. 550, 444 P.2d 342]; Riesenfeld, *Workmen's Compensation and other Social Legislation: The Shadow of Stone Tablets,* 53 Cal.L.Rev. 207, 217; 2 Larson, *supra;* Note, 50 Cal.L.Rev. 571, 575-576.) Accordingly, *Witt* held that the concurrently negligent employer was not entitled to reimbursement against the third party tortfeasor for compensation payments made to the injured employee and, further, that the third party tortfeasor was entitled to a reduction of damages by the amount of the workmen's compensation benefits paid. (57 Cal.2d at p. 73.)

Thus, the scheme envisioned by *Witt* was an allocation of the economic cost of the injury between the negligent third party and the concurrently negligent employer with the negligent employer bearing the cost to the extent of the workmen's compensation benefits and the third party bearing the cost in excess thereof (see Riesenfeld, *supra,* 53 Cal.L.Rev at p. 217, quoted in *Smith* v. *Trapp,* 249 Cal.App.2d 929, 939 [58 Cal.Rptr. 229]; see also Note, 50 Cal.L.Rev., *supra,* at p. 575), leaving the rights of the injured employee and the statutory scheme precluding his double recovery completely unaffected. The rule in *Witt* was not concerned with the rights of the employee vis-à-vis the employer, nor did it affect any workmen's compensation proceedings. It had the effect of leaving the injured employee completely neutral as to the issue of the employer's concurrent negligence. (See *Brown* v. *Superior Court, supra,* 3 Cal.3d at p. 433.) If the employer were found not to be negligent, the employer would obtain reimbursement thereby reducing the employee's third party recovery. If the employer were found to be concurrently negligent, the employee's third party recov-

---

[4]Because of the workmen's compensation law, the concurrently negligent employer is not liable for contribution to the third party tortfeasor (*DeCruz* v. *Reid,* 69 Cal.2d 217, 226, fn. 6 [70 Cal.Rptr. 550, 444 P.2d 342]) nor for indemnity in the absence of a written agreement executed prior to the injury (Lab. Code, § 3864).

ery would nevertheless be reduced by the same amount to the benefit of the third party tortfeasor. In neither event could the employee obtain double recovery. (See Note, 21 Hastings L.J., *supra,* at pp. 667-668.)

Thus, *Witt* v. *Jackson,* with its dual holdings that a concurrently negligent employer cannot take advantage of his own wrong at the expense of the third party tortfeasor and that the injured employee cannot receive double recovery (57 Cal.2d at p. 73; *LaBorde* v. *McKesson & Robbins, Inc.,* 264 Cal.App.2d 363, 367 [70 Cal.Rptr. 726]), was consonant with the workmen's compensation scheme. However, complications were not long in coming. (See Note, 21 Hastings L.J., *supra,* at pp. 668-677.) The question arose whether the deduction to be allowed the negligent third party was to be for the value of all workmen's compensation benefits paid, payable or which might become payable from the concurrently negligent employer or whether it was to be limited to the amount of compensation benefits already furnished the employee at the time of trial. In a series of cases, *Conner* v. *Utah Constr. & Mining Co.,* 231 Cal.App.2d 263 [41 Cal.Rptr. 728], *Castro* v. *Fowler Equipment Co.,* 233 Cal.App.2d 416 [43 Cal.Rptr. 589] and *Slayton* v. *Wright,* 271 Cal.App.2d 219 [76 Cal. Rptr. 494], the rule was developed that the reduction allowed the negligent third party was to be limited to the amount of the compensation benefits already furnished. (See Note, 21 Hastings L.J., *supra,* at pp. 671-672.)

The problem before the courts in these cases was, in actuality, how far the allocation between the negligent third party and the concurrently negligent employer announced in *Witt* v. *Jackson* should be extended. (See Note, 50 Cal.L.Rev., *supra,* at pp. 578-579.) A rule permitting deduction for the total amount of the employer's obligation to the employee under the Workmen's Compensation Act, including awards not yet made, would perhaps have been more consistent with the allocation principle of *Witt.* (*Ibid.*) Indeed, it has been correctly pointed out that one way of mitigating or eliminating the problem with which we are now confronted would be the adoption of a rule contrary to that of *Conner, Castro* and *Slayton.* (Note, 21 Hastings L.J., *supra,* at pp. 679-680.) The rule of *Conner, Castro* and *Slayton,* however, may be fully justified by the considerable practical difficulties involved in proving the value of future compensation benefits and the possibility of unfairness to the employee in a contrary rule (see *Slayton* v. *Wright, supra,* 271 Cal.App.2d at p. 231; *Castro* v. *Fowler Equipment Co., supra,* 233 Cal.App.2d at p. 421) as well as the possibility of unfairness to the employer in a contrary rule in cases where the total loss attributable to the injury approximates the value of the workmen's compensation benefits. (Note, 21 Hastings L.J., *supra,* at p. 680.)

In any event, although directly concerned with the rights and obligations as between the negligent third party and the concurrently negligent employer, the rule developed in *Conner, Castro* and *Slayton* opened the door to the possibility that, by adroit maneuvering, the injured employee could affect his rights vis-à-vis the employer and obtain partial double recovery in violation of both the statutory workmen's compensation scheme and the scheme envisioned by *Witt* v. *Jackson, supra.* This possibility was expressly recognized in *Slayton* v. *Wright, supra,* 271 Cal.App.2d at page 232, footnote 1.[5]

Still, in view of sections 3858[6] and 3861[7] of the Labor Code, the possibility that the employee might, by adroit maneuvering, obtain double recovery and thus violate the statutory no-double-recovery scheme and the allocation-no-double-recovery scheme of *Witt* v. *Jackson* remained just that, only a possibility. So long as the employer was entitled to credit against compensation benefits subsequently awarded or subsequently payable the amount of the employee's net third party recovery as prescribed by the code, the rule of *Conner, Castro* and *Slayton* left the employee unaffected. Their rule affected only the allocation of the economic cost of the injury as between the negligent third party and the concurrently negli-

---

[5]The dictum in the footnote in *Slayton* suggesting that the employee's double recovery might be justified by the collateral source rule, citing *DeCruz* v. *Reid, supra,* 69 Cal.2d 217 is unsound. In *DeCruz* v. *Reid,* there was no proof that the employer was concurrently negligent. The employer and employee entered into a compromise settlement in the workmen's compensation proceeding as a part of which the employer relinquished its right to subrogation in any subsequent third party action. The holding in *DeCruz* v. *Reid* was that the relinquishment of its right to subrogation by a non-negligent employer inured to the benefit of the employee under the collateral source rule. (69 Cal.2d at pp. 226-227.) The court expressly indicated that, if the employer had been concurrently negligent, the benefits paid by it and its relinquishment of its subrogation rights could not be considered as attributable to a collateral source. (69 Cal.2d at p. 227.) *Witt* v. *Jackson* itself teaches that benefits or damages payable as a result of the concurrent negligence of the employer and the third party cannot be considered with respect to each other as being from a collateral source. That is the reason for *Witt's* holding that, where the employer is concurrently negligent the employee is not entitled to double recovery. (57 Cal.2d at p. 73; see also Note, 21 Hastings L.J., *supra,* at pp. 678-679.)

[6]In pertinent part, Labor Code section 3858 provides: "After payment of litigation expenses and attorneys' fees fixed by the court pursuant to Section 3856 and payment of the employer's lien, the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction."

[7]Labor Code section 3861 provides: "The appeals board is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

gent employer. As envisioned by the decision in *Witt* v. *Jackson, supra,* the employee obtained no double recovery. If he diligently and expeditiously pursued his workmen's compensation remedy, more of the burden would fall upon the concurrently negligent employer and less upon the negligent third party. If he delayed in prosecuting his workmen's compensation remedy and proceeded with haste in the third party action, greater burden would fall upon the third party and less upon the employer. In neither event, however, would the employee stand to benefit.

Thus, given the rule of *Conner, Castro* and *Slayton,* it is apparent that the only way to preserve the integrity of both the statutory workmen's compensation scheme and the scheme envisioned by the decision in *Witt* v. *Jackson* is to hold that the employer's concurrent negligence does not defeat the employer's right to credit pursuant to Labor Code sections 3858 and 3861. When properly understood, not only does the decision in *Witt* v. *Jackson* not logically indicate the denial of such credit, it compels that credit be allowed.

This result is also indicated by sound principles of the administration of justice and fundamental principles of our constitutionally authorized workmen's compensation law. The contrary rule, adopted in *Nelsen* v. *Workmen's Comp. App. Bd., supra,* 11 Cal.App.3d at page 479 inevitably results in at least two substantial problems affecting the administration of justice. One has already been alluded to, namely, the incentive given the injured employee to delay pursuing his workmen's compensation remedy until after disposition of the third party action. The problem was well recognized by the Board in the case at bench. Its order observes: ". . . The race to the civil courthouse is on, because the fortuity of the civil trial date will determine the size of the windfall fund of unpaid workmen's compensation benefits to be created for double recovery by the injured workman. This can only serve as an incentive to such injured workman to delay workmen's compensation proceedings, and the award of benefits, past the date of trial in the civil courts so as to get the maximum double recovery, and it can only tend to defeat the constitutional mandate for workmen's compensation legislation to 'accomplish substantial justice in all cases expeditiously, inexpensively and without encumbrance of any character.' [Cal. Const., art. XX, § 21.]" Moreover, no longer is the employee left neutral as to the issue of the employer's concurrent negligence. Under the *Nelsen* rule he stands in a better position if the employer is found concurrently negligent.

The second problem, although not present in the *Nelsen* case, is presented by the case under review. Assuming that the Board has jurisdiction, is the trial of the issue of the employer's concurrent negligence in

the workmen's compensation proceeding consonant with the constitutional mandate that workmen's compensation proceedings ". . . shall accomplish substantial justice in all cases expeditiously, inexpensively, and without encumbrance of any character ; . ."? (Cal. Const., art. XX, § 21, *supra*.) Apposite is the language of the Board in its *en banc* decision in *Pearce* v. *Blackwell & Sunde, supra,* 33 Cal. Comp. Cases 243, 249: ". . . Such an excursion would be contrary to the entire spirit of workmen's compensation proceedings . . . . The function of hearing and determining issues of fault, for which we have neither the facilities nor the expertise, would obviously impose a substantial encumbrance upon this Board, and likewise upon the rights of all parties to speedy and substantial justice in compensation proceedings. The job of finding fault and assessing liability therefor is more properly left to the courts of general jurisdiction of this state. We see no reason in law or logic to take over this function under the facts presented in our case, and further we seriously doubt our constitutional authority to do so."

As correctly pointed out in the foregoing language of the Board, a rule which precludes credit because of the employer's concurrent negligence introduces into the workmen's compensation proceeding the issue of negligence.[8] Labor Code sections 3858 and 3861, of course, do not indicate that the negligence of either party is an issue, and article XX, section 21 of the California Constitution expressly provides for a system of compensation "irrespective of the fault of any party." "California's workmen's compensation system substitutes the theory of liability without fault for negligence concepts in order to shift and spread the burdens sustained by injured employees from themselves and their families to industry and, ultimately, all consumers. This development lies at the heart of the state constitution's mandate regarding workmen's compensation . . . ." (Cal. Workmen's Compensation Practice (Cont. Ed. Bar 1963) § 1.3; see 1 Larson, *supra,* §§ 1.20, 2.00 through 2.20; 2 Hanna, *supra,* §§ 1.05[1] through 1.05[3].) The introduction of the issue of the employer's concurrent negligence into workmen's compensation proceedings is, therefore, inconsistent with sound workmen's compensation principles. "Almost every major error that can be observed in the development of compensation law, whether judicial or legislative, can be traced either to the importation of

---

[8]It is to be emphasized that *Witt* v. *Jackson, supra,* 57 Cal.2d 57, *Conner* v. *Utah Constr. & Mining Co., supra,* 231 Cal.App.2d 263, *Castro* v. *Fowler Equip. Co., supra,* 233 Cal.App.2d 416 and *Slayton* v. *Wright, supra,* 271 Cal.App.2d 219 all involved the respective rights of the third party tortfeasor and the concurrently negligent employer in the third party action. It was not until the decision in *Nelsen* v. *Workmen's Comp. App. Bd., supra,* 11 Cal.App.3d 472 that the problem concerning the employer's concurrent negligence became an issue in the workmen's compensation proceeding.

tort ideas, or, less frequently, to the assumption that the right to compensation resembles the right to the proceeds of a personal insurance policy." (1 Larson, *supra*, § 1.20, pp. 2-3.)

Thus, *Witt* v. *Jackson, supra,* properly understood, as well as considerations important to the proper administration of justice and fundamental principles of workmen's compensation law compel the conclusion that the Board's order granting reconsideration and its decision granting defendants' credit pursuant to Labor Code sections 3858 and 3861 are correct.

## Jurisdiction

The foregoing conclusion makes it unnecessary to determine whether the Board has jurisdiction to try and adjudicate an employer's concurrent negligence. We do, however, view it appropriate to make the following observations. In the first place, although the jurisidiction of the Board was not there discussed and, apparently, not considered, we think it undeniable that implicit in the decision in *Nelsen* v. *Workmen's Comp. App. Bd., supra,* is the premise that the Board has jurisdiction to adjudicate the issue. While it was there held that the issue was conclusively determined against the employer by the prior adjudication in the third party action (11 Cal.App.3d at p. 479), there could be no determination of the issue whatever, by collateral estoppel or otherwise, if the Board lacked jurisdiction.

The Workmen's Compensation Appeals Board is a tribunal of limited jurisdiction and has no power beyond that given it by section 21 of article XX of the California Constitution as implemented by the workmen's compensation law. (*State Comp. Ins. Fund* v. *Ind. Acc. Com.,* 20 Cal.2d 264, 266 [125 P.2d 42]; *Gerson* v. *Industrial Acc. Com.,* 188 Cal.App.2d 735, 738 [11 Cal.Rptr. 1].) Of course, Labor Code section 3861 (see fn. 7, *ante*) expressly empowers the Board to grant an employer the credit here claimed. As previously noted, however, neither Labor Code section 3861 nor any other provision of the constitutional and statutory scheme condition the employer's right to credit on the absence of negligence. Indeed, as previously noted, article XX, section 21 of the California Constitution expressly provides for the establishment of a compensation system "irrespective of the fault of any party," which mandate is expressly made binding on all the departments of government. Thus, a holding that the Board has jurisdiction to try and adjudicate negligence on the part of the employer and, based thereon, to deny the employer the statutorily prescribed credit would raise serious constitutional questions.[9]

---

[9]As to the issue of jurisdiction, Applicant places considerable reliance upon subdivision (a) of section 5300 of the Labor Code which provides that the Board shall

The analysis of *Witt* v. *Jackson* contained in the first part of this opinion demonstrates that it does not compel a holding that jurisdiction in the Board exists and, in fact, to the extent it is relevant, would be consistent with a holding to the contrary. Although article XX, section 21 of the California Constitution and Labor Code section 3601 suggest the absence of jurisdiction, they are not conclusive. Under these circumstances, the rule should be adopted which best serves the efficient and proper administration of justice. (Cf. *United Professional Planning, Inc.* v. *Superior Court,* 9 Cal.App.3d 377, 385 [88 Cal.Rptr. 551].) Since a holding in favor of the existence of jurisdiction would lead to the several substantial problems of administration of justice previously discussed in addition to introducing into workmen's compensation proceedings the issue of negligence contrary to sound principles of workmen's compensation and contrary to the express mandate of article XX, section 21 of the California Constitution, we should be inclined to hold, were it necessary, that the Board is without jurisdiction to try and adjudicate the issue of the concurrent negligence of an employer.

### Miscellaneous Contentions

Applicant suggests that a rule permitting litigation of the Employer's concurrent negligence in the workmen's compensation proceeding would enhance the chances for settlement in the third party action. This proposition is dubious. Faced with the alternative of eventually having to try this issue before the Board where it would have no right to jury trial and where it would be faced at trial and on review with a rule of liberal construction "with the purpose of extending . . . benefits for the protection of persons

---

have *exclusive* jurisdiction in all proceedings: "[f]or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." Presumably the argument is that the employer's concurrent negligence is a matter concerning a right or liability arising out of or incidental to the recovery of compensation. In view of the constitutional mandate for compensation "irrespective of the fault of any party" and the general principle of workmen's compensation that fault is irrelevant, the validity of this argument is dubious. In any event, the argument is self-defeating. If the Board has jurisdiction of the issue pursuant to subdivision (a) of section 5300 of the Labor Code, its jurisdiction is *exclusive,* and, contrary to a multitude of cases, including *Witt* v. *Jackson* itself, the court in the third party action would be without jurisdiction to determine the issue.

On the other hand, defendants' contention that a holding in favor of the existence of jurisdiction would violate the right to jury trial (Cal. Const., art I, § 7; Code Civ. Proc., § 592) is unmeritorious. If the Board had jurisdiction, there would be no constitutional right to jury trial of the issue because article XX, section 21 of the California Constitution constitutes a repeal *pro tanto* of the right to jury trial provided for in article I, section 7. (*Dominguez* v. *Pendola,* 46 Cal.App. 220, 224 [188 P. 1025].) That is not to say that the long history of affording jury trial on this issue could not be considered as a factor in interpreting the various statutory and constitutional provisions necessary to a resolution of the issue of jurisdiction.

injured in the course of their employment" (Lab. Code, § 3202), the employer would likely feel compelled to litigate the issue of his concurrent negligence in the civil action.

Moreover, the rule we adopt creates a healthier atmosphere for deliberate and complete settlement. It compels the employee and his legal representatives to consider the effect of any third party settlement upon the employee's right to further compensation benefits and would induce the parties to negotiate and settle that issue in connection with the third party settlement. The employee and his legal representatives, knowing that to the extent of the employee's net recovery no further compensation benefits could be had, would have incentive to work for a realistic recovery against the third party rather than making an improvident settlement with the third party and speculating on the chances of additional recovery in the workmen's compensation proceeding. This result would also tend to promote an equitable allocation of the total economic cost of the injury between the employer and the third party tortfeasor as envisioned in *Witt* v. *Jackson.*

■ In view of Labor Code section 3859, requiring the consent of both employer and employee to third party settlement (but see *Brown* v. *Superior Court, supra,* 3 Cal.3d 427), it is suggested that a waiver or estoppel may have arisen with respect to the issues of credit and concurrent negligence against either Applicant or Employer by virtue of their respective conduct in connection with settlement of the third party action. We entertain no doubt that there could be a waiver by or an estoppel against either an employer or employee with respect to these issues upon a proper showing. (See *Sanstad* v. *Industrial Acc. Com., supra,* 171 Cal.App.2d at pp. 36-40; *Pacific G. & E. Co.* v. *Indus. Acc. Com., supra,* 8 Cal.App.2d at pp. 503-504; 2 Hanna, *supra,* § 24.04[5][e].) However, although Applicant's attorney at one point in the proceedings before the referee mentioned the issue of estoppel against defendants, neither the referee nor the Board made any finding pertinent to waiver or estoppel, and the case was not decided on that basis by either the referee or the Board.

The only evidence relating to the settlement consisted of the two release documents and the request for dismissal. There was no testimony concerning the settlement negotiations, and there is no evidence of any representation or promise made by either party. There is, therefore, no evidence of an estoppel against either party. (*Sanstad* v. *Industrial Acc. Com., supra,* 171 Cal.App.2d at p. 40.)

Waiver is generally defined as the intentional relinquishment of a known right. (*Pacific G. & E. Co.* v. *Indus. Acc. Com., supra,* 8 Cal.App.2d at

p. 503.) The *Sanstad* case held that the failure of the employer to exercise its subrogation rights in the third party action does not constitute a waiver of the employer's right subsequently to seek credit pursuant to Labor Code sections 3858 and 3861. (171 Cal.App.2d at pp. 36-40.) Similarly, inasmuch as under the *Conner, Castro* and *Slayton* cases, the amount in controversy as between the employer and third party tortfeasor is limited to the value of compensation benefits already furnished, a settlement of that issue should not, certainly not as a matter of law, imply a waiver of the employer's right to credit against compensation benefits that may be awarded or become payable in the future. Particularly is this true in the case under review in which, at the time of settlement, *Pearce* v. *Blackwell & Sunde, supra,* 33 Cal. Comp. Cases 243 constituted the controlling authority. In fact, in view of the existence of the *Pearce* decision, if any waiver should be implied, it should be Applicant's. However, on the record before us, it would be inappropriate to imply as a matter of law a waiver on the part of either party.

## Conclusion

The result we reach is required by the legislatively prescribed workmen's compensation scheme, proper analysis and appreciation of the problem dealt with in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, and considerations important to the proper administration of justice. It in no way emasculates the rule of *Witt* barring reimbursement to a concurrently negligent employer from a negligent third party, nor is it inconsistent with any of *Witt's* progeny except *Nelsen* v. *Workmen's Comp. App. Bd., supra,* 11 Cal. App.3d 472 and *Serrano* v. *Workmen's Com. Appeals Bd., supra,* 16 Cal. App.3d 787, which decisions we view as incorrect.

Solicitude for injured workmen, which we share with our dissenting colleague, cannot be permitted to engender a decision that would distort a statutory scheme of compensation authorized by our state Constitution, prescribed by the Legislature and approved and reaffirmed by our Supreme Court. Nor may it be permitted to result in the creation or intensification of problems interfering with the sound administration of justice. If workmen's compensation benefits are inadequate in amount to serve the rehabilitative purposes of the workmen's compensation law, the solution is for the Legislature to increase such benefits, not for the courts to distort the statutory scheme.

The order granting reconsideration and the decision of the Board are affirmed.

Gabbert, J., concurred.

**KERRIGAN, Acting P. J.**—I dissent.

In a tortured analysis of *Witt* and its progeny, the majority has emasculated the rule barring monetary recovery by a negligent employer. The majority decision rests upon a single sentence in the landmark case to the effect that an employee may not be allowed double recovery. (*Witt* v. *Jackson*, 57 Cal.2d 57, 73 [17 Cal.Rptr. 369, 366 P.2d 641].) With its obsession against double recovery, the majority completely ignores the real thrust and import of *Witt* which was that under no circumstances should a concurrently negligent employer benefit by his own wrong. (*Ibid.*, pp. 71-73.) My view of the policy reasons underlying *Witt* finds support in the decision itself (*ibid.*, pp. 71, 72), in that the Supreme Court invoked with approval language employed in two North Carolina cases to the effect the employer's "hands ought not to have the blood of the dead or injured workman upon them . . . ." (*Brown* v. *Southern Ry. Co.*, 204 N.C. 668 [169 S.E. 419]), and "[I]t is contrary to the policy of the law for the employee, or his subrogee, the insurance carrier, to benefit by the wrong of the employer." (*Lovette* v. *Lloyd*, 236 N.C. 663 [73 S.E.2d 886, 892].)

By closing their eyes to the crucial policy factor underlying *Witt*, and in allowing the negligent employer herein to retain the amount of the settlement derived from the third party tortfeasor and further granting him a credit in the amount of the employee's net recovery, the majority have reached the appalling result that the employer derives a profit for an injury to the employee caused by the employer's own negligence.

Even assuming that the majority's passionate concern with the possibility of a double recovery is somehow tenable, the simple fact of the matter is that "double recovery" is a misnomer in terminology as well as a rarity in actuality, if it exists at all. Anyone experienced in workmen's compensation law knows that the benefits awarded an injured workman are nominal, not compensatory. Similarly, personal injury lawyers recognize that damage awards seldom, if ever, fully compensate an injured employee for all detriment sustained by him.

I would hold that when an employer settles with a third party tortfeasor and seeks a credit against his liability for compensation benefits pursuant to section 3861 of the Labor Code, that he is only entitled to such credit when free from negligence.

I would further hold that jurisdiction exists in the board to determine the employer's alleged negligence for the following reasons: (1) Section 3861 of the Labor Code expressly provides that the board is empowered to allow a credit; thus, the statute would likewise authorize the board,

at least by implication, to resolve all issues, including the employer's negligence, connected with such determination; (2) *Witt* injected the issue of liability into the Workmen's Compensation Act; and (3) jurisdiction now exists in the board to determine the issue of *fault* in serious and willful misconduct cases (see Lab. Code, §§ 4551, 4553), and no one could seriously maintain that the issue of fault in such cases has constituted a serious burden upon the administration of the workmen's compensation system.

I would reverse the order and decision of the board with directions to the board to enter findings and an order consistent with the referee's findings and award, thereby denying the employer any credit under the code.

Petitioner's application for a hearing by the Supreme Court was denied February 23, 1972. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.