[Civ. No. 34448. First Dist., Div. Four. Sept. 18, 1974.]

BERNARD P. GILFORD, Plaintiff and Appellant, v.
STATE COMPENSATION INSURANCE FUND et al.,
Defendants and Respondents.

**COUNSEL**

George W. Kilbourne for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Asher Rubin, Deputy Attorney General, T. Groezinger, James J. Vonk, and George S. Bjornsen for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.**—Bernard Gilford appeals from a judgment in favor of his employer, the State of California, after the court sustained a demurrer to his complaint.

Appellant alleges that he was employed by the Department of Motor Vehicles as a driver's license examiner. While appellant was administering

a driving test, he was injured in an accident allegedly caused by negligence on the part of a third party.

 Appellant received workmen's compensation benefits from the state as a lawfully uninsured employer (Lab. Code, § 3700) and became entitled to disability retirement benefits from the Public Employees Retirement System (PERS). (See Gov. Code, § 20000 et seq.) Appellant then filed suit against the negligent third party; he also named the State of California as a defendant, alleging the state's concurrent negligence in failing to provide a safe work-place. The question in the appeal is whether an injured workman is entitled to bring his employer into litigation in this manner.

Workmen's compensation legislation was adopted by the Legislature pursuant to article XX, section 21, of the California Constitution. When the Legislature in 1917 established this "no fault" compensation system for employees,[1] it limited the tort liability of employers for work-connected injuries. Labor Code section 3601 provides that "Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, . . ." Section 5300 of the Labor Code vests in the Workmen's Compensation Appeals Board exclusive jurisdiction over proceedings "[f]or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto."

 If an injury covered by workmen's compensation is caused by third-party negligence, the employer or his insurer may recover from the third party the benefits accruing to the injured employee. For that purpose the employer may (1) bring an action against the third party (Lab. Code, § 3852), (2) join as a plaintiff or intervene in an action brought by the employee (Lab. Code, § 3853), or (3) allow the employee to prosecute the action and apply for a lien upon the employee's net recovery (Lab. Code, § 3856, subd. (b)).

These remedies were provided to the employer under the assumption that the third party, not the employer, had negligently caused the employee's injuries. In *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], the employee's injury was caused by a third party's negligence but there was concurrent negligence on the part of the employer. The Supreme Court (quoting *Lovette* v. *Lloyd,* 236 N.C. 663 [73 S.E.2d

[1]Workmen's Compensation, Insurance and Safety Act of 1917, Statutes 1917, chapter 586, now Labor Code, section 3300 et seq.

886 at pp. 891-892]) denied recovery to the employer, holding that " 'It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer.' " The court also held that to obviate double recovery the damages awarded to the employee in the civil action should be reduced by the amount of his workmen's compensation benefit. (*Ibid.*, pp. 72, 73.)

*Witt* dealt only with benefits paid up to the time of the employee's recovery against the third-party tortfeasor. Later cases have differentiated between compensation paid up to the time of such recovery and benefits payable in the future. In *Conner* v. *Utah Constr. & Mining Co.* (1964) 231 Cal.App.2d 263 [41 Cal.Rptr. 728], the Court of Appeal held that *Witt* entitled the third party to a "set-off" only as to benefits paid—not amounts payable in the future. The court stated that to reduce future benefits would result in an "unusual and impractical extension" of the rule in *Witt* v. *Jackson.* (*Id.*, p. 275.) *Conner* has been followed in *Slayton* v. *Wright* (1969) 271 Cal.App.2d 219 [76 Cal.Rptr. 494], *Gastelum* v. *City of Torrance* (1969) 2 Cal.App.3d 582 [82 Cal.Rptr. 732], and *Nelsen* v. *Workmen's Comp. App. Bd.* (1970) 11 Cal.App.3d 472 [89 Cal.Rptr. 638]. The *Conner* rule produces an anomaly: where the employee recovers an amount from the third party greater than the compensation benefits already received, and further benefits are to be paid in the future, the employee may receive a double recovery.

Three courts have held that the *Witt* policy precluding an employer from profiting from his own wrong is to be given effect even if a double recovery results. (First District: *Serrano* v. *Workmen's Comp. Appeals Bd.* (1971) 16 Cal.App.3d 787 [94 Cal.Rptr. 511]; Second District: *Maillet* v. *Workmen's Comp. Appeals Bd.* (1972) 23 Cal.App.3d 107 [99 Cal.Rptr. 925]; Third District: *Nelsen* v. *Workmen's Comp. App. Bd., supra,* 11 Cal.App. 3d 472.) The contrary result was adopted in the Fourth Appellate District (see *Corley* v. *Workmen's Comp. Appeals Bd.* (1971) 22 Cal.App.3d 447 [99 Cal.Rptr. 242]). The Supreme Court denied petitions for hearing in both *Nelsen* and *Corley.*

In the present case the plaintiff employee, not the third-party defendant, alleged the employer's concurrent negligence. His evident purpose was to defeat the employer's lien in order possibly to realize double recovery as to future benefits. Respondents demurred to the complaint on the basis that appellant was asserting as a cause of action a claim (employer's negligence) that, under *Witt,* was available only as a third party's affirmative defense. Respondents' argument was that to permit this would

effectively allow the employee to sue his employer, contrary to Labor Code section 3601.

Appellant alleged employer negligence because he feared that the third party would neglect to do so, and that after he made his recovery the non-participating employer would then exercise his lien under Labor Code sections 3856, subdivision (b), and 3861. Appellant would be entitled, in the workmen's compensation proceeding, to obtain a determination from the Workmen's Compensation Appeals Board as to his claim that there was concurrent negligence on the part of the employer. (See *Nelsen* v. *Workmen's Comp. App. Bd.* (1970) 11 Cal.App.3d 472 [89 Cal.Rptr. 638].) The question in the present case, then, is whether the employee may choose instead to bring the employer into the damage action for the purpose of litigating the same issue.

There is no doubt that, if the trial court has jurisdiction to try the issue (i.e., if the WCAB does not have exclusive jurisdiction over such disputes), appellant should be permitted to join his employer as an interested party. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 131, subd. (d), p. 1801.) But Labor Code section 3601, subdivision (a), provides, in part, that "Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer"; section 5300 states that there shall be instituted "before the appeals board [WCAB] and not elsewhere, [proceedings] (a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." Finally, section 5301 provides: "The [appeals board] is vested with full power, authority and jurisdiction to try and determine finally all the matters specified in Section 5300 subject only to the review by the courts as specified in this division."

Appellant argues that there are exceptions to this exclusive jurisdiction of the WCAB (including the original *Witt* v. *Jackson* defense) and that, furthermore, the issue of employer's negligence is not one of those enumerated issues over which the WCAB's jurisdiction is exclusive. The contention is that here the question concerns not the employee's "right to recover" (Lab. Code, § 3601) but, rather, the determination of the employer's negligence. Appellant urges that no extra recovery against the carrier or the retirement fund is contemplated and, therefore, the relief sought from the trial court was not "for the recovery of compensation, or concerning any right or liability arising out of or incidental thereto" over which the WCAB would have exclusive jurisdiction.

■ Where an employer is subrogated to the recovery of an employee from a third-party tortfeasor to the extent of compensation paid or payable, proof of the employer's concurrent negligence in order to defeat his lien clearly does "concern" the question of recovery of compensation.

■ Three ways have been provided for an employer to effect subrogation against a third party: one of these is to allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees. (Lab. Code, § 3856, subd. (b).) To hold that the employee has the right to raise the issue of employer's negligence in his suit against the third-party tortfeasor would effectively destroy the employer's choice which is explicitly provided for in the legislation.

■ In this light, the rule is that " '. . . Where there is any reasonable doubt as to the jurisdiction, the courts must resolve such doubts in favor of jurisdiction of the commission.' " (*Foremost Dairies* v. *Industrial Acc. Com.* (1965) 237 Cal.App.2d 560, 565 [47 Cal.Rptr. 173].) We have concluded that the jurisdiction of the WCAB to determine the validity of the employer's lien, where it is not the third-party tortfeasor but the injured employee who asserts the *Witt* v. *Jackson* rationale, is exclusive. (Cf. *Foremost Dairies* v. *Industrial Acc. Com., supra.*)

Respondent Public Employee's Retirement System argues that *Witt* v. *Jackson* does not apply to liens of the retirement system and that the court was in error when it apparently treated respondent's lien in this case as being governed by *Witt* v. *Jackson*. But the judgment was in favor of respondent. Respondent filed no notice of appeal, and appellant did not raise the issue. The question is therefore not to be reached in this appeal.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1974.