[Civ. No. 27446. First Dist., Div. One. Apr. 20, 1971.]

TIMOTEO SERRANO, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
FREEMAN-SONDGRATH CONSTRUCTION COMPANY et al.,
Respondents.

COUNSEL

Boccardo, Blum, Lull, Niland, Teerlink & Bell and James D. Hendy for Petitioner.

Rupert A. Pedrin and Marcel L. Gunther for Respondents.

OPINION

**MOLINARI, P. J.**—In this proceeding we issued a writ of review for the purpose of reviewing the order of the Workmen's Compensation Appeals Board (hereinafter "the Board") allowing the employer's workmen's com-

pensation carrier (hereinafter "the carrier") a credit against an employee's net recovery in a third party action. The employee, petitioner herein, seeks the annulment of said order.

On February 17, 1967, petitioner sustained an industrial injury to his back while riding as a front seat passenger in his employer's pickup truck which was struck from behind by a garbage truck while the pickup truck was stopped for a signal change. Compensation benefits consisting of temporary disability indemnity and medical treatment were voluntarily furnished by the carrier. Thereafter, on March 15, 1968, the Board determined that petitioner was permanently disabled and that he was entitled to a permanent disability rating of 31½ percent payable at $52 per week commencing August 25, 1967, for 126 weeks in the total amount of $6,615, less attorney's fees in the sum of $500. Payments were made under this award totaling $5,090, and leaving an unpaid balance in the sum of $1,525.

In the interim petitioner had instituted an action for damages against the owner of the garbage truck. When the case came on for trial a representative of the carrier was present and the matter of the compensation lien was discussed but no agreement could be reached. On the second day of trial petitioner amended his complaint to delete the allegation of special damages and the answer was amended to state the defense that petitioner's employer was concurrently negligent and that, therefore, under *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], the employer was not entitled to reimbursement for compensation payments made to petitioner. A jury was waived and the action proceeded to a judgment rendered by the court on March 24, 1969, in favor of petitioner in the sum of $4,000. The judgment recites that said sum of $4,000 represents "general damages only." The judgment, after reciting that the defendants were negligent, also states that the court finds that petitioner was not contributorially negligent but that his employer was negligent and that such negligence was a proximate cause of petitioner's injuries.

Upon the rendition of the third party judgment the carrier ceased compensation payments under the award of March 15, 1968. Petitioner thereupon requested the Board to issue its order directing the carrier to show cause why it was not complying with the said award and for the imposition of a penalty for unreasonable refusal to do so. The carrier then countered by filing a petition for the allowance of a credit against the third party judgment for the unpaid compensation benefits due or to become due under the award therefor. These matters came on for hearing on May 20, 1969. It was established that the carrier owed petitioner a balance under the award in the sum of $2,264.68. The referee found that there was no unreasonable delay in making compensation payments and that the carrier was entitled to a credit of

$2,264.68 against its liability. This finding, following proceedings for reconsideration, was ultimately affirmed and adopted by the Board.

In his petition herein petitioner alleged that the Board's decision allowing said credit was in excess of its authority, that the evidence does not justify the findings of fact, and that the findings do not support the order. The gist of the petition is that the recovery against the third party was for general damages only and therefore did not give rise to a credit against the carrier's liability for compensation benefits.

In *Witt* it was pointed out that "There are three ways in which an employer who becomes obligated to pay compensation to an employee may recover the amount so expended against a negligent third party. He may bring an action directly against the third party (Lab. Code, § 3852), join as a party plaintiff or intervene in an action brought by an employee (Lab. Code, § 3853), or allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees (Lab. Code, § 3845, subd. (b)). . . ." (57 Cal.2d at p. 69.) However, an employer may not recover against the third party tortfeasor when the employee's injuries are caused by the concurrent negligence of the employer. (*Witt* v. *Jackson, supra,* at pp. 71-73; *De Cruz* v. *Reid,* 69 Cal.2d 217, 225 [70 Cal. Rptr. 550, 444 P.2d 342].) The third party, upon establishing the employer's concurrent negligence, is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee since the employee may not be allowed double recovery. (*Witt* v. *Jackson, supra; De Cruz* v. *Reid, supra.*)

In the present case the court, in the third party action, found that the employer was concurrently negligent and that such negligence proximately caused petitioner's injuries. This finding was pursuant to the *Witt* v. *Jackson* defense pleaded in the third party's answer. That finding was binding on the employer and his compensation carrier even though the employer did not intervene in such action. (*Benwell* v. *Dean,* 249 Cal.App.2d 345, 359-362 [57 Cal.Rptr. 394]; *Tate* v. *Superior Court,* 213 CalApp.2d 238, 246-248 [28 Cal.Rptr. 548]; see *Witt* v. *Jackson, supra,* 57 Cal.2d 57, at p. 72.) The rationale behind this rule is that the employer and his carrier are in privity with the employee to the extent that compensation benefits have been paid. (*Benwell* v. *Dean, supra; Tate* v. *Superior Court, supra; Witt* v. *Jackson, supra.*)

In the light of the foregoing the trial court was required, as a matter of law, to reduce petitioner's judgment against the third party by the amount of the workmen's compensation received by him. The record before us does not disclose that the judgment was in fact reduced by the amount of such com-

pensation, but in the absence of any contrary evidence we are entitled to presume that the trial court, having considered the *Witt* v. *Jackson* defense, properly followed established law. (Evid. Code, §§ 660, 664, 666, 605, 606.)

■ The carrier contends that the interposition of the *Witt* defense and the elimination by petitioner of his allegation of special damages amounted to "procedural chicanery" and evidenced a collusive attempt to exclude it from its statutory lien rights. In considering this contention we observe that pursuant to the principles declared in *Witt* the third party was justified in attempting to defeat the employer's right of reimbursement by invoking the employer's concurrent negligence. We also note that the employer would not have been precluded from its statutory lien merely because its employee demanded general damages only from the third party. That lien, when it applies, is against the amount of the employee's *judgment,* less an allowance for litigation expenses and attorney's fees. (Lab. Code, § 3856, subd. (b); *Witt* v. *Jackson, supra,* 57 Cal.2d 57, at p. 69.) In the instant case the carrier's contentions are completely diluted by the fact that since the employer was concurrently negligent it was not entitled to recover against the negligent third party the amount of compensation expended by it or its carrier.

We perceive, moreover, that whether the trial court did or did not reduce the amount of petitioner's judgment by the amount of compensation received by him is not determinative of the issue before us. The key to deciding the issue whether the employer or his carrier are entitled to a credit against an employee's net recovery in a third party action under the Labor Code credit provisions (§§ 3858, 3861) is the determination that the employer was concurrently negligent. In *Nelsen* v. *Workmen's Comp. App. Bd.,* 11 Cal.App.3d 472, 478-479 [89 Cal.Rptr. 638],[1] it was held that the Board cannot allow a credit where the employer's negligence has been previously determined in a third party action. Accordingly, an employee may "assert the employer's adjudicated negligence 'defensively' against the employer's claim of credit, and the employer is collaterally estopped by the determination made against him on that issue in the third party action. [Citations.]" (At p. 479.) The rationale in *Nelsen* is that, in the absence of express statutory terms to the contrary, the provisions of Civil Code section 3517 which provide that "No one can take advantage of his own wrong," a principle embraced in *Witt* (57 Cal.2d at p. 72), require the conclusion that "If the *court* cannot allow a lien where the employer was concurrently negligent, logic dictates that the *board* cannot allow a credit where the employer's negligence has been previously determined in the employee's third party action."

[1] A petition for a hearing was denied by the Supreme Court.

(11 Cal.App.3d at p. 479.) In sum, where the employer has been determined to be concurrently negligent, the employer or his carrier must bear the *entire* compensation burden. (*Nelsen* v. *Workmen's Comp. App. Bd., supra;* see *Smith* v. *Trapp,* 249 Cal.App.2d 929, 939 [58 Cal.Rptr. 229].)

The order is annulled.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied May 19, 1971.