[Civ. No. 38750. Second Dist., Div. One. Jan. 26, 1972.]

LAURIER MAILLET, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
T. P. POLICH et al., Respondents.

## Counsel

Riedman, Dalessi, Deukmejian, Henry & Woods and Stanley M. Henry for Petitioner.

Mansell & Giddens, R. E. Smith, F. W. Giddens, John L. Maier, Rupert A. Pedrin, Jon L. Gateley, Franklin Grady and Marcel L. Gunther for Respondents.

## Opinion

**LILLIE, J.—** Petitioner Maillet (employee) seeks review and annulment of decision of respondent Appeals Board, upon reconsideration, which granted his employer credit against the latter's future compensation liability in an amount equal to the employee's net recovery from a third party in a civil suit. In the civil action, in which respondent carrier intervened, it was determined that the employer's concurrent negligence contributed to the employee's injuries consisting of an electric shock sustained while operating an electric drill supplied by the third party (E-Z Dunn Rentals); the actual verdict ($158,731.79) was reduced by $8,731.79, the amount of compensation already paid to petitioner-employee, in conformity with the rule announced and discussed in *Witt* v. *Jackson,* 57 Cal.2d 57, 71-73 [17 Cal.Rptr. 369, 366 P.2d 641], and followed in *De Cruz* v. *Reid,* 69 Cal.2d 217, 222-223 [70 Cal.Rptr. 550, 444 P.2d 342].[1]

---

[1]Citing *Witt,* it was concluded in *De Cruz* that "[W]hether the action is brought against him by the employer or the employee, the third party, upon establishing such concurrent negligence, is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee."

As in *Gastelum* v. *City of Torrance,* 2 Cal.App.3d 582, 583 [82 Cal. Rptr. 732], "The issue raised on this appeal is a part of the fallout of *Witt* v. *Jackson,*" which case (we there pointed out) establishes the principle (mentioned in the footnote) that in circumstances similar to those at bar there must be a reduction of the judgment against the third party tortfeasor by the amount of the compensation benefits paid. Similarly, as in *Gastelum,* "The question now before us concerns the applicability of that principle to workmen's compensation benefits to be paid in the future." (P. 583.)

It appears that respondent carrier, upon entry of judgment in the third party action, immediately stopped payment of compensation benefits claiming credit as a result of that determination; later a formal petition for credit was filed with respondent Appeals Board and, by stipulation, the entire matter remained off-calendar awaiting the outcome of *Nelsen* v. *Workmen's Comp. App. Bd.,* then pending in which the identical issue was presented. On September 22, 1970, Nelsen was decided (11 Cal.App.3d 472 [89 Cal.Rptr. 638]) holding that respondent board erred in holding that the employer's liability for further benefits should be credited with employee's net recovery from the third party; a hearing by the Supreme Court was subsequently denied. Still later, in *Serrano* v. *Workmen's Comp. Appeals Bd.,* 16 Cal.App.3d 787 [94 Cal.Rptr. 511], the court again annulled an order of respondent board crediting a third party judgment against the carrier's remaining liability to the employee; *Nelsen* was quoted in pertinent part and followed.[2] In its decision (on reconsideration) here under review the board acknowledged that "At least two divisions of the Court of Appeal have also wrestled with the problem and have reached a result contrary to ours." After asserting that no court in this district has yet "spoken on the issue," respondent accordingly felt "justified in following what we consider to be the clear mandate of the Supreme Court that there may be no double recovery."

The basis for respondent board's last-quoted statement is found in *Brown* v. *Superior Court,* 3 Cal.3d 427, 433 [90 Cal.Rptr. 737, 476 P.2d 105], where reference is made to the *Witt* "rulings" proscribing "double recovery."[3] Significantly, however, *Brown* was decided just 12 days prior to the denial of a hearing in *Nelsen.* In the latter case it was held that "*Witt's* prohibition of double recovery 'is nothing more than a reference to the usual rule of law existing in negligence actions generally, that a

[2]The board's petition for hearing by the Supreme Court was subsequently withdrawn.

[3]"Since . . . the injured employee may not be allowed double recovery, his damages must be reduced by the amount of workmen's compensation he received." (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 73.)

partial satisfaction of the liability by a *joint or concurrent tortfeasor* will result in a *pro tanto* reduction of the liability of the other tortfeasors' (*De Cruz* v. *Reid, supra*, 69 Cal.2d at pp. 225-226) (original italics), and the court has clearly indicated that the collateral source rule of damages is inapplicable when workmen's compensation payments are received from an employer whose causative negligence is concurrent with that of a third party tortfeasor. (*Id.*, pp. 223-227 . . . .)" (*Nelsen* v. *Workmen's Comp. App. Bd., supra*, 11 Cal.App.3d at p. 477.) In *Nelsen*, as here, respondent board purported to act under Labor Code sections 3858 and 3861, allowing reimbursement or credit (as the case may be); in that regard the court pointed to the emphasis in *Witt* "that 'there is nothing in the Labor Code to suggest that the Legislature contemplated that a negligent employer could take advantage of the *reimbursement* remedies that those sections provide. In the absence of express terms to the contrary, these provisions must be deemed to be qualified by Civil Code section 3517 which provides that "No one can take advantage of his own wrong." ' [Citation.]" (*Supra*, p. 478.) "Such legislative abstention and Civil Code qualification," *Nelsen* continued, "cannot rationally be ignored in applying the Labor Code *credit* provisions (§§ 3858, 3861) which are companion to the reimbursement remedies discussed in *Witt*. If the *court* cannot allow a lien where the employer was concurrently negligent, logic dictates that the *board* cannot allow a credit where the employer's negligence has been previously determined in the employee's third party action." (*Supra*, p. 479.) The result of the above rationale is that where the employer has been determined to be concurrently negligent, the employer or his carrier must bear the entire compensation while the third party is liable for the excess. (See *Smith* v. *Trapp*, 249 Cal.App.2d 929, 939 [58 Cal.Rptr. 229], cited and quoted in *Nelsen*.)

Contending that the above proposition of law is erroneous, respondent board argues that it is based on an assertedly inconsequential statement from *Smith* which, in turn, relies on a certain law review article unsupported by any authority; such argument is preceded and followed by a discussion of certain legal propositions opposed to those invoked in both *Nelsen* and *Serrano*. The persuasive power of those decisions, say respondents, rests entirely on the force of their logic, and no attempt admittedly is made to distinguish them from the case at bar—indeed it affirmatively appears that precisely the same contentions were made by the board in its unsuccessful effort to secure a hearing by the Supreme Court in *Nelsen*.[4] For us to here set them forth at length would be a needless reiteration of what has already been judicially rejected. Our duty is clear despite respondents' urgings to the contrary; a hearing having been denied in

---

[4]A copy of such petition is at hand, portions of which are repeated verbatim in the board's answer in the present case to the petition for the writ.

*Nelsen,* concededly presenting the identical issue at bar, the judgment therein stands "as a decision of a court of last resort in this state, until and unless disapproved by [the Supreme Court] or until change of the law by legislative action." (*Cole* v. *Rush,* 45 Cal.2d 345, 351 [289 P.2d 450, 54 A.L.R.2d 1137]; see also *Mitchell* v. *City of Los Angeles,* 239 Cal.App.2d 618, 631 [49 Cal.Rptr. 13], and cases there cited.)

The decision under review is annulled and the cause remanded to respondent board for further proceedings consistent with the views herein expressed.

Wood, P. J., and Thompson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 26, 1972. McComb, J., and Burke, J., were of the opinion that the petition should be granted.