[S.F. No. 23111. In Bank. Nov. 27, 1974.]

HAROLD H. ROE, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
AEROJET GENERAL CORPORATION et al., Respondents.

## COUNSEL

William H. Whittington, Jr., for Petitioner.

Charles Lawrence Swezey, Sheldon C. St. Clair, Robert A. Seligson, Mullen & Filippi and William J. O'Neil for Respondents.

## OPINION

**THE COURT.**—Petitioner Harold Roe seeks annulment of an award of respondent Workmen's Compensation Appeals Board (Board) in favor of petitioner and against respondent Transport Indemnity Company insofar as said award orders that Transport Indemnity Company be granted credit for the net amount of the third party recovery secured by petitioner for damages proximately resulting from the accident involved.

After decision by the Court of Appeal, Third Appellate District, directing the Board to vacate its order granting the employer/carrier's claim of credit for the net amount of the third party recovery and to reconsider such claim, we granted a hearing in this court for the purpose of giving further consideration to the issues raised. Having made a thorough examination of the cause, we have concluded that the opinion of the Court of Appeal prepared by Acting Presiding Justice Friedman and concurred in by Justice Regan and Justice Janes correctly treats and disposes of the issues involved and we adopt such opinion as and for the opinion of this court. Such opinion (with appropriate additions and deletions) is as follows:*

Roe, an employee, received severe industrial injuries in an accident featured by the negligence of a third party. He received temporary disability workmen's compensation benefits and also filed a damage action against the third party. The employer/carrier knew of the lawsuit but stayed out of it. Roe and the third party settled the lawsuit without reference to the employer's status. Roe's net recovery was over $16,000.

Roe then applied to the Workmen's Compensation Appeals Board for

*Brackets together, in this manner [ ] *without enclosing material,* are used to indicate deletions from the opinion of the Court of Appeal; brackets *enclosing material* (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. We thus avoid the extension of quotation marks within quotation marks, which would be incident to the use of such conventional punctuation, and at the same time accurately indicate the matter quoted. In so doing we adhere to a method of adoption employed by us in the past. (*Estate of Horman* (1971) 5 Cal.3d 62 [95 Cal.Rptr. 433, 485 P.2d 785].)

permanent disability benefits. The compensation insurance carrier asserted that Roe's net settlement should be credited against its own liability for permanent disability. Roe's attorney sought to raise the employer's concurrent negligence as a bar to the credit. The referee refused to inquire into the employer's concurrent negligence, awarded Roe a permanent disability rating of 96½ percent and ordered that Roe's net settlement be credited against the insurance carrier's liability for permanent disability. The Workmen's Compensation Appeals Board refused reconsideration. [ ] [The Court of Appeal issued a writ of review.]

Various provisions of the Labor Code[1] subrogate an employer (or his workmen's compensation insurer) to the common law tort recovery of an injured employee, permitting the employer/carrier to recover its workmen's compensation outlays from a negligent third party through an independent lawsuit, or by joining the employee's lawsuit or by claiming a lien on the employee's recovery. (§§ 3852, 3853, 3854, 3856, subd. (b).) *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], attaches a substantive condition to the employer's recovery; holds that the employer may not recover from the third party if his own negligence has contributed to the accident; reduces the employee's recovery of third party damages by the amount of workmen's compensation payments he has received from the employer/carrier.

The *Witt* v. *Jackson* indemnification cycle requires the settlement or adjudication of claims in two forums—the Workmen's Compensation Appeals Board and the courts. Workmen's compensation benefits which have been paid before resolution of the lawsuit provide a mathematical factor for allocating monetary responsibility. Accidental or manipulated time relationships may obstruct fulfillment of the indemnification cycle. Quantification is not possible when the lawsuit culminates in a settlement or award before the workmen's compensation benefits are fixed, or when the lawsuit is concluded without resolving the issue of employer negligence.

In this case the employee had received only temporary disability benefits before settlement of the lawsuit; the employer/carrier stayed out of the litigation; the third party settled without asserting any deduction for employer negligence; the employer/carrier then turned to the appeals board, seeking to deduct the settlement from future workmen's compensation benefits. The board's grant of credit was based on section 3861, which declares: "The appeals board is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such

[1]Statutory references are to the Labor Code unless other specified.

amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

In *Nelsen* v. *Workmen's Comp. App. Bd.* (1970) 11 Cal.App.3d 472 [89 Cal.Rptr. 638], [ ] [the] court held that the subrogation provisions of the Labor Code (including § 3861) were not designed to permit a negligent employer to take advantage of his own wrong; hence, where the employer's negligence had been established in a prior lawsuit, the employee could assert this adjudication as a bar to the employer's claim of credit before the appeals board.[2] Other courts have followed suit. (*Serrano* v. *Workmen's Comp. Appeals Bd.* (1971) 16 Cal.App.3d 787 [94 Cal.Rptr. 511]; *Maillet* v. *Workmen's Comp. Appeals Bd.* (1972) 23 Cal.App.3d 107 [99 Cal. Rptr. 925].)

In fairly direct conflict with these decisions is *Corley* v. *Workmen's Comp. Appeals Bd.* (1971) 22 Cal.App.3d 447 [99 Cal.Rptr. 242], a split decision of the Court of Appeal, Fourth District, Division Two. In *Corley,* as here, the lawsuit culminated in damage recovery from the third party without inquiry into the employer's concurrent negligence. The court sustained the appeals board, which had credited the employee's third party damage recovery against the employer's compensation liability without inquiry into the employer's negligence. By dictum, the majority opinion in *Corley* expressed doubt that the appeals board could decide the issue of employer negligence consistently with the constitutional provision for establishment of a workmen's compensation system irrespective of fault. (Cal. Const., art. XX, § 21.)

In *Witt* v. *Jackson,* denial of the concurrently negligent employer's recovery from the third party was premised on the law's policy to prevent the former from taking advantage of his own wrong; while the latter's credit for workmen's compensation payments against his own tort liability was grounded on the policy of denying the employee double recovery. (57 Cal.2d at pp. 72-73.) Cases like this require selection or reconciliation between these policies. In *Nelsen* [ ] [the] court implied that the policy of preventing the employer from reaping financial benefit from his own negligence outweighed the policy against the employee's double recovery. (11 Cal.App.3d at pp. 476-479.) In *Corley* the court embraced the inhibition

---

[2]This case differs from *Nelsen* in an important respect—here the third party suit terminated without a determination of employer negligence.

against double recovery even at the cost of permitting a negligent employer to reduce his workmen's compensation liability (22 Cal.App.3d at pp. 453-454.) [ ]

■ [We agree with both the decision and the rationale of the *Nelsen* court.] The majority opinion in *Corley* overemphasizes the employer's interest in preventing the employee's double recovery. The policy against double recovery primarily protects the third party tortfeasor, not the employer. In *De Cruz v. Reid* (1968) 69 Cal.2d 217, 225 [70 Cal.Rptr. 550, 444 P.2d 342], [ ] [this court] declared that *Witt v. Jackson* was not "a sweeping interdict against double recovery . . . ." It explained that the inhibition against double recovery is designed to allow the third party a *pro tanto* reduction of a liability which he shares with a concurrently negligent employer. (Cf. *Sanstad v. Industrial Acc. Com.* (1959) 171 Cal.App. 2d 32, 39 [339 P.2d 943].) *Nelsen* too points to the third party, rather than the employer, as beneficiary of the policy against double recovery. (11 Cal.App.3d at pp. 479-480.)

Especially if he is vulnerable to the charge of negligence, the employer may avoid participation in the third party lawsuit; the third party, as defendant, may litigate or settle without seeking credit for the workmen's compensation payments. When the employer/carrier then goes before the appeals board protesting the employee's double recovery, one asks: "What's Hecuba to him or he to Hecuba, that he should weep for her?" If the employer's negligence contributed to the accident, the double recovery was gained not from him but from the third party, who did not claim a deduction for employer negligence. If the employer was free of negligence, he gained (but did not assert) a subrogated right to recover his compensation payment as damages. It is doubtful, in any event, whether a double recovery is created by a settlement which does not cover the totality of claims, including those of the employer. (*Van Nuis v. Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222, 230 [111 Cal.Rptr. 398]; *LaBorde v. McKesson & Robbins, Inc.* (1968) 264 Cal.App.2d 363, 370 [70 Cal.Rptr. 726], approved in *Brown v. Superior Court* (1970) 3 Cal.3d 427, 432 [90 Cal.Rptr. 737, 476 P.2d 105], and disapproved in unspecified respects, *id.*, at p. 433.)

Opportunities for conceptual error multiply by exaggerating the substantive effect of the Labor Code subrogation provisions. These are primarily procedural, substantive only in isolated aspects. (*Van Nuis v. Los Angeles Soap Co., supra,* 36 Cal.App.3d at p. 228, fn. 2.) Literally, section 3852 declares that the employee's compensation claim shall not affect his damage action against a third person; yet decisional law, primarily *Witt v. Jackson,* imposes a substantive limitation on his double recovery of damages

and workmen's compensation. Literally, sections 3852, 3854, 3856 and 3860, subdivision (b), permit the employer's unqualified recovery of compensation payments from the negligent third party; yet substantive law rejects his claim if he has been concurrently negligent.

Section 3858, relieving the employer from "further compensation" up to the amount of the employee's damage recovery, is more substantive than procedural.[3] It is qualified by Civil Code section 3517, which provides that "No one can take advantage of his own wrong." (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 72.) Its procedural implementation is section 3861, which designates the appeals board as. a forum for adjudicating the employer's untried claim for reimbursement or credit. As *Witt* v. *Jackson* construes these sections, "there is nothing in the Labor Code to suggest that the Legislature contemplated that a negligent employer could take advantage of the reimbursement remedies that those sections provide." (57 Cal.2d at p. 72.) The appeals board erred here in viewing section 3861 as substantive authority for reducing the employer/carrier's compensation liability regardless of the employer's concurrent negligence. The. employer's concurrent negligence will defeat his claim of credit.

From a procedural standpoint, any rule precluding the appeals board from adjudicating the employer's concurrent negligence is bound to engender undesirable gamesmanship. The *Corley* approach permits a concurrently negligent employer to stand aside from the third party lawsuit, then capitalize on the third party's damage payment in the form of a credit from the appeals board. The *Nelsen* doctrine, it is said, stimulates the employee to race to the courthouse and vigorously pursue the third party lawsuit, delaying the pursuit of his workmen's compensation remedy. (*Corley* v. *Workmen's Comp. Appeals Bd., supra,* 22 Cal.App.3d at p. 457; 12 Santa Clara Law. 2, 25-26.)

The latter criticism ignores that part of *Nelsen* which views the appeals board as an alternate forum for resolution of the employer's concurrent negligence. In *Nelsen* (11 Cal.App.3d at p. 478) [ ] [the court] pointed out: "Thus, where particular workmen's compensation benefits have not been awarded by the [workmen's compensation appeals] board by the time a

---

[3]Section 3858 provides: "After payment of litigation expenses and attorneys' fees fixed by the court pursuant to Section 3856 and payment of the employer's lien, the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction. No satisfaction of such judgment in whole or in part, shall be valid without giving the employer notice and a reasonable opportunity to perfect and satisfy his lien."

third party tortfeasor satisfies the injured employee's judgment against him, but an award of such benefits is later sought, sections 3858 and 3861 permit the employer to achieve the same result (in terms of net compensation outlay) as would have been possible by the employer's joinder, intervention or lien if the payment of such benefits had been made before the third party suit. (See *Sanstad* v. *Industrial Acc. Com., supra*, pp. 39-40; Lab. Code, § 3857.)"

■ Construed in relation to the *Witt* v. *Jackson* rule, which denies reimbursement to a concurrently negligent employer, section 3861 is a delegation of procedural authority for appeals board inquiry into the employee's defense of employer negligence. (*Nelsen* v. *Workmen's Comp. App. Bd., supra*, 11 Cal.App.3d at p. 478.) The appeals board has expressed doubt as to the delegation's constitutionality. (See *Corley* v. *Workmen's Comp. Appeals Bd., supra*, 22 Cal.App.3d at pp. 457-459, 460; *Pearce* v. *Blackwell & Sunde* (1968) 33 Cal. Comp. Cases 243, 249.) The doubt stems from two clauses in article XX, section 21, of the state Constitution. One speaks of a purpose to compensate workmen "irrespective of the fault of any party." The other expresses an objective to "accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character . . . ."

Granting the employer an automatic credit for the employee's damage recovery manifests more solicitude for the employer/carrier than for the employee. The injured workman is the prime object of constitutional solicitude. By entertaining the workman's *Witt* v. *Jackson* defense, the appeals board violates neither constitutional letter nor spirit. To classify the employee's damage recovery as a workmen's compensation benefit at the outset of the hearings begs a question yet to be determined. At that point the employee stands before the board with an achieved recovery of damages. If the employer has been negligent, the recovery is unalloyed tort damages; none of it belongs to the employer, none of it is available to offset the employer's compensation liability. If the employer is freed of fault, he is entitled to the offset; to that extent the employee's recovery is the equivalent of workmen's compensation benefits (received from the third party in lieu of the latter's liability to the fault-free employer).

To decide whether the employee may keep his entire damage recovery does not inject fault into the adjudication of disability benefits; neither does it frustrate the injured workmen's need for immediate sustenance. Article XX, section 21, supplies no ground for the board's refusal to hear the employee's defense to the employer's claim of credit.

■

The appeals board's lack of experience in adjudicating fault issues is a policy objection of little weight. Sections 4551 and 4553 require the board to alter the amount of the award when either employee or employer has been guilty of serious and wilful misconduct. Serious and wilful misconduct decisions may be complex and difficult. (See, e.g., *Hawaiian Pineapple Co.* v. *Ind. Acc. Com.* (1953) 40 Cal.2d 656 [255 P.2d 431]; *Grason Elec. Co.* v. *Industrial Acc. Com.* (1965) 238 Cal.App.2d 46 [47 Cal.Rptr. 439].) The board may decide a claim of [ ] [employer] negligence with no more and probably less difficulty than the issue of serious and wilful misconduct.

Adroit twisting of the *Witt* v. *Jackson* indemnification cycle is reduced (although not avoided) by a statutory-decisional system in which both trial court and workmen's compensation agency are bound to accept the other's prior adjudication of employer negligence but free to adjudicate the issue if it is yet unsettled. Generally, the employer may absent himself from the employee's lawsuit without waiving his right to maintain an independent lawsuit against the third party and without waiving his claim of credit at the appeals board's hands. (See *Van Nuis* v. *Los Angeles Soap Co., supra, Pacific G. & E. Co.* v. *Indus. Acc. Com.* (1935) 8 Cal.App.2d 499 [47 P.2d 783].) Perhaps the courts are better suited than the board to adjudicate the employee's counterthrust of employer negligence. If so, the Legislature may consider appropriate amendments. The present statutes, at any rate— particularly sections 3858 and 3861—impose on the board the task of adjudicating the negligence issue when no court has done so and it is raised as a bar to the employer's claim of offset. [To the extent that *Corley* v. *Workmen's Comp. Appeals Bd., supra,* 22 Cal.App.3d 447, is inconsistent with this opinion, it is disapproved.]

[ ] [The award is annulled and the case is remanded to the Workmen's Compensation Appeals Board with directions to take such further proceedings as may be necessary in accordance with this opinion.]

**BURKE, J.**\*—I dissent. The majority's holding results in an inequitable and wholly unjustified double recovery by the employee who, for the first time since the adoption of our "no fault" workmen's compensation system, is permitted to retain *both* his compensation award and his recovery from the third party tortfeasor, solely by reason of his employer's concurrent negligence. In my view, such a result promotes no valid public purpose, and in fact contravenes the mandatory language (e.g., Lab. Code, § 3861) insuring the employer a credit in third-party recovery situations.

---

\*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Specifically, the majority holds that the concurrent negligence of an employer bars him from receiving a credit against the employee's third-party recovery (by settlement or judgment), to be applied to future permanent disability payments. As a corollary of this holding, the majority also holds that the Workmen's Compensation Appeals Board has the jurisdiction and authority to adjudicate the issue of the employer's concurrent negligence even though that issue has not been previously determined by a court.

As I explain below, the disposition reached by the majority confuses the employer's right to a credit with his right to reimbursement, gives an unwarranted extension to this court's decision in *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], and unnecessarily injects the issue of fault into workmen's compensation proceedings.

The events in the present case exemplify the procedures typically followed when an employee seeks both workmen's compensation and a third party recovery. First, the injured employee applies for temporary disability and receives an award of weekly disability indemnity for a given period of time. Subsequently, the employee brings an action against the third party, which may be settled, as in the present case, or go to judgment. The employee then receives, in a subsequent workmen's compensation proceeding, an award for permanent disability.

The Labor Code specifies three judicial procedures for obtaining reimbursement of amounts previously paid to the employee. The employer may bring a direct action against the third party (Lab. Code, § 3852), join as a party plaintiff in a suit brought by the employee (Lab. Code, § 3853), or apply to the court for a first lien on the judgment recovered by the employee (Lab. Code, § 3856, subd. (b)). In most cases, the employer's recovery is limited to the amounts paid from time of injury until trial because the employee has not yet received his permanent disability award, and the extent of the employer's liability has not yet been determined. (See *Slayton* v. *Wright,* 271 Cal.App.2d 219 [76 Cal.Rptr. 494]; *Castro* v. *Fowler Equipment Co.,* 233 Cal.App.2d 416 [43 Cal.Rptr. 589]; *Conner* v. *Utah Constr. & Mining Co.,* 231 Cal.App.2d 263 [41 Cal.Rptr. 728].)

The employer's separate and distinct right to a *credit* for future payments is provided for by Labor Code sections 3858[1] and 3861.[2] This credit con-

---

[1]Section 3858 states that after litigation expenses, attorney's fees, and the employer's lien for prior payments are subtracted from the amount of the judgment against the third party, "the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction."

[2]Section 3861 provides that "The appeals board is empowered to *and shall allow,* as a credit to the employer to be applied against his liability for compensation, such

stitutes a set-off, applied to the employee's third party recovery, against the employer's total future liability for compensation (Lab. Code, § 3861), and usually arises when the employee, after judgment, petitions the Workmen's Compensation Appeals Board for a permanent disability award. Thus, the right of reimbursement ordinarily applies to the compensation benefits received by the employee prior to his third party recovery, while the right to a credit applies to benefits to be received thereafter.

In *Witt* v. *Jackson, supra,* 57 Cal.2d 57, 72, this court held that the employer's concurrent negligence barred his statutory right of reimbursement. This conclusion was founded on the principle, enunciated in Civil Code section 3517, that one may not profit from his own wrong. However, because the barring of reimbursement would otherwise give the employee a double recovery, this court reduced the employee's judgment against the third party by the amount of workmen's compensation received from injury to trial. (*Id.* at p. 73.)[3]

The result of the rule promulgated in *Witt* is a proper allocation of the rights and liabilities of the parties. The employer is barred from "profiting" from his own wrong since he is denied reimbursement out of the third party recovery; the third party receives contribution from his joint tortfeasor (the employer) in the form of a reduction of the judgment against him; and the employee recovers full compensation for his injuries without receiving a double recovery.

To extend the rule of *Witt* v. *Jackson, supra,* 57 Cal.2d 57, to bar the employer's credit for future payments without a corresponding reduction in the amount received from the third party upsets the relative balance of equities among the parties and does disservice to the principles enunciated in *Witt.* Under the majority's holding the employee recovers both the full amount of the judgment against (or settlement with) the third party, and the full disability award of the Workmen's Compensation Appeals Board without any reduction whatever to eliminate duplicative payments. To the extent that the amount of the judgment or settlement overlaps the employee's compensation award the employee recovers double compensation for the same injury, a result expressly interdicted by this court in *Witt.* (P. 73.)

---

amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorney's fees . . . ." (Italics added.)

[3] As discussed *infra,* the judgment against the third party may not be reduced by the *future* compensation payments the employer may become liable for since such amounts are not ordinarily ascertainable at the time of judgment.

Nor does this ruling truly advance the principle of Civil Code section 3517 that one (here the employer) should not profit from his own wrong.[4] When the employer's credit is barred, he is not merely denied a "profit" from his own wrong, he is unduly punished. The employer has already been amply penalized by barring his right to reimbursement. To bar in addition his right to a credit for future payments of compensation serves no purpose other than to subsidize the employee's double recovery.[5] More-

---

[4]As one leading authority has pointed out, the principle that one should not profit from his own wrong is of dubious validity when applied to the employer in workmen's compensation cases. "[I]t is admittedly rather an odd spectacle to see a negligent employer reimbursing himself at the expense of a third party; and several courts have barred the employer's recovery on these facts. There is, however, one oversight in most of the latter cases: they have a tendency to speak of the 'employer's' negligence when what they really mean is the negligence of some co-employee of the injured employee. Once this is held firmly in mind, the picture changes in two ways. First, one's moral indignation evaporates since one no longer has the prospect of a personally guilty plaintiff claiming damages. Second, it becomes even legally inaccurate to speak of the 'employer's' negligence in such circumstances, since the employer who assumes compensation coverage is in law not liable for the negligent harms wrought by one employee on another." (Fns. omitted; 2 Larson, Workmen's Compensation Law (1974) § 75.23, pp. 226.147-226.149.)

[5]The double recovery resulting from the majority's holding may be illustrated as follows: An employee is injured and receives temporary disability in the amount of $5,000 from the time of injury until judgment against a third party. The employee then receives a $10,000 verdict against the third party. The employer is denied his reimbursement because of his concurrent negligence and the judgment against the third party is reduced by the amount of the compensation already paid. (*Witt* v. *Jackson, supra,* 57 Cal.2d 57, 73.) At this point the employee has recovered the sum of $10,000 ($5,000 from the third party plus $5,000 from the employer). The employer has been denied any "profit" from his own wrong since he has been denied his right of reimbursement. The third party has, in effect, received contribution from the joint tortfeasor since the judgment against him has been reduced by the amount of the compensation paid.

The employee next seeks permanent disability and is awarded $20,000. Prior to the decision herein, the $20,000 award would be reduced (the employer's credit) by the net amount of the judgment against the third party. The result of this reduction is to give the employee the full amount of compensation determined by the Workmen's Compensation Appeals Board ($5,000 judgment, plus $5,000 temporary disability, plus $10,000 permanent compensation award to be paid by the employer). Under the majority's ruling, however, the employee will recover not only the judgment and the temporary disability, but also the full amount of the permanent disability award (in this example a total of $30,000). The result is that the employee has received $10,000 more than the permanent disability award. This $10,000 excess represents the extent of the double recovery (which will always be the amount of the judgment) since the award is a determination of the *total* amount necessary to compensate the employee. The principle that the employer should not profit from his own wrong is more than amply fulfilled since the employer will be liable for 83.3 percent ($25,000 out of $30,000) of the employee's compensation. If the credit were allowed the employer would be responsible, in the example given, for 75 percent ($5,000 lost reimbursement plus $10,000 Workmen's Compensation Appeals Board award equals $15,000 out of $20,000) of the employee's compensation. This example

over, I have difficulty understanding why section 3517 operates to bar the negligent *employer* of his statutory right to a credit yet permits the negligent *third party tortfeasor* to exercise his statutory right to contribution. If indeed it may be said that one "profits" from a wrong by being allowed to share his liability with another, then seemingly section 3517 should bar the third party's contribution rights.

If the employer were allowed a credit regardless of his concurrent negligence the balance of the equities would remain intact. The employer would continue to lose his right of reimbursement with respect to compensation paid prior to the third party recovery. The employee would receive full and fair compensation without recovering twice for the same injury. And the third party would receive a contribution from his joint tortfeasor in the form of a reduction in the amount of the judgment against him.[6]

When the distinction between the employer's reimbursement and credit rights is properly understood it becomes apparent that it is unnecessary to inject the issue of fault into workmen's compensation proceedings. The employer's claim to a reimbursement, under the statutory scheme, is always presented to a court, not to the Workmen's Compensation Appeals Board. If the employer brings an action against the third party (Lab. Code, § 3852) or joins as a party plaintiff in the employee's action (Lab. Code, § 3853) the issue of concurrent negligence is determined by a court. If the employer applies for a first lien on the employee's recovery, he must apply to the *court*, not the Workmen's Compensation Appeals Board (Lab. Code, § 3856, subd. (b)). Nor can the employer avoid adjudication of concurrent negligence by declining to join in the employee's suit or to bring an independent action, for the defense may be raised by the third party without joining the employer (*Serrano* v. *Workmen's Comp. Appeals Bd.,* 16 Cal. App.3d 787, 790 [94 Cal.Rptr. 511]; *Tate* v. *Superior Court,* 213 Cal.App. 2d 238, 247 [28 Cal.Rptr. 548]), or the third party may bring the employer into the suit by a cross-complaint (*City of Sacramento* v. *Superior Court,* 205 Cal.App.2d 398, 405 [23 Cal.Rptr. 43]). It is therefore clear that when-

---

points out one further anomaly of the majority's holding. A court has adjudicated that $10,000 will fully compensate the employee, the Workmen's Compensation Appeals Board has determined that the employee is entitled to $20,000, yet this court's ruling gives the employee $30,000, $20,000 more than the judicial award and $10,000 more than the Workmen's Compensation Appeals Board decision.

[6]In the situation where the employee receives his permanent disability award prior to the rendering of judgment against the third party, the balance of equities achieved in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, could be maintained simply by confining the amount of reimbursement to the sum of the compensation paid from time of injury to time of judgment.

ever the issue of concurrent negligence is raised as a bar to the employer's reimbursement, the adjudication of fault will be made by a *judicial* body.

Nothing in this court's decision in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, contemplated or foreshadowed the introduction of fault determinations into workmen's compensation procedures. *Witt* itself was a *reimbursement* case in which the employer intervened in the employee's civil action against a third party. Since, as indicated above, the employer may seek reimbursement only in a judicial proceeding (under Lab. Code, §§ 3852, 3853, and 3856, subd. (b)), nothing in *Witt* requires an administrative determination regarding negligence. Moreover, *Witt* was concerned only with adjusting the respective liabilities of the employer and the third party, not those of the employer vis-à-vis the employee, and changed the prior law only because of the adoption of new legislation allowing contribution among joint tortfeasors.[7] (Code Civ. Proc., §§ 875-880; *Witt, supra,* at pp. 69-71.)

On the other hand, the employer's right to a *credit* is determined in proceedings before the appeals board. (Lab. Code, § 3861.) In cases such as the instant one, in which there has never been an adjudication of the employer's concurrent negligence, the majority's holding compels the Workmen's Compensation Appeals Board to determine this issue.

As Justice Kaufman's excellent opinion in *Corley* v. *Workmen's Comp. Appeals Bd.,* 22 Cal.App.3d 447, 459-460 [99 Cal.Rptr. 242], correctly points out, it is highly questionable whether the issue of fault may be injected into workmen's compensation proceedings consistent with the California Constitution. "The Workmen's Compensation Appeals Board is a tribunal of limited jurisdiction and has no power beyond that given it by section 21 of article XX of the California Constitution as implemented by the workmen's compensation law. [Citations.] Of course, Labor Code section 3861 . . . expressly empowers the Board to grant an employer the credit here claimed. . . . [N]either Labor Code section 3861 nor any other provision of the constitutional and statutory scheme condition the employer's right to credit on the absence of negligence. Indeed . . . article XX, section 21 of the California Constitution expressly provides for the establishment of a compensation system 'irrespective of the fault of any

---

[7]Prior to our decision in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, this court had held that the employer could assert his right to reimbursement even though the employer was concurrently negligent. (*Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409 [218 P.2d 17].) This rule was based on the California law at that time denying contribution between joint tortfeasors. With the enactment of Code of Civil Procedure sections 875-880 in 1957, allowing contribution, the rule of the *Finnegan* case became obsolete. (*Witt, supra,* at pp. 69-70.)

party,' which mandate is expressly made binding on all the departments of government. Thus, a holding that the Board has jurisdiction to try and adjudicate negligence on the part of the employer and, based thereon, to deny the employer the statutorily prescribed credit would raise serious constitutional questions.

". . . Although article XX, section 21 of the California Constitution and Labor Code section 3601 suggest the absence of jurisdiction, they are not conclusive. Under these circumstances, the rule should be adopted which best serves the efficient and proper administration of justice. [Citation.] Since a holding in favor of the existence of jurisdiction would lead to the several substantial problems of administration of justice . . . in addition to introducing into workmen's compensation proceedings the issue of negligence contrary to sound principles of workmen's compensation and contrary to the express mandate of article XX, section 21 of the California Constitution, we should be inclined to hold, were it necessary, that the Board is without jurisdiction to try and adjudicate the issue of the concurrent negligence of an employer." (Fns. omitted.)

To conclude, I would retain our holding in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, to the effect that the concurrently negligent employer should be denied his right of reimbursement; that rule does not result in double recovery to the employee, for his third party recovery is reduced by the amount of compensation benefits he has already received. However, in the absence of some workable means of reducing that recovery further to reflect the right to receive future disability payments, I would permit the employer to exercise his statutory right to a credit against such payments, to the extent of the third party recovery, without regard to his concurrent negligence.

Clark, J., concurred.