[Civ. No. 21151. Third Dist. Aug. 25, 1982.]

ANDERSON-COTTONWOOD DISPOSAL SERVICE et al.,
Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and VICTOR
WEBB, Respondents.

COUNSEL

Sedgwick, Detert, Moran & Arnold and James R. Wesolowski for Petitioners.

Trezza, Ithurburn & Steidlmayer and Eugene J. Davis for Respondents.

OPINION

BLEASE, J.—Petitioners Anderson-Cottonwood Disposal Service (Anderson) and Mission Insurance Company (Mission) seek annulment of an order of respondent Workers' Compensation Appeals Board (board) denying reconsideration of an award in favor of Victor Webb. We affirm the order of the board.

FACTS

On March 5, 1975, Webb, employed by Anderson, was working as a mechanic on the tilt cab of a truck. While bent over the moving shaft of the motor, straddling the front wheel, the cab descended. He lost his footing and was injured when the truck rolled over him. He received temporary disability indemnity benefits and medical expenses from Mission.

Webb filed a civil action on two theories of liability, negligence and strict products liability, naming as defendants the manufacturer and seller of the truck. Mission intervened, seeking recovery of the temporary disability benefits and medical expenses it had paid.

On December 2, 1977, Webb obtained a jury verdict in the amount of $55,000. The jury returned special verdicts, finding for Webb on both theories of liability. On the negligence theory, they apportioned the degree of negligence at 10 percent for the third party defendants, 25 percent for Webb and 65 percent for Anderson. A judgment was entered on the products liability claim for the whole sum of damages. The judgment was satisfied by payment by the third parties of $34,566.07 to Webb and approximately $17,000 to Mission.

In 1978, Webb filed an application for adjudication of claim seeking further workers' compensation benefits. Mission answered claiming a credit against further liability in the amount of the remaining civil recovery. Webb disputed the credit on the basis of cases (*Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641] and *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.*

(1978) 22 Cal.3d 829 [150 Cal.Rptr. 888, 587 P.2d 684]) which preclude a credit for the amount of damages attributed to the employer's negligence. Mission responded that the third party recovery was based upon strict liability (*Ruiz* v. *Minnesota Mining & Mfg. Co.* (1971) 15 Cal.App.3d 462 [93 Cal.Rptr. 270] [which held that the employer's passive negligence did not offset liability for a product defect]). The administrative law judge ruled for Webb. He awarded Webb permanent disability indemnity of $15,172.50 and further medical treatment if needed. He ruled that "[i]n light of ... case authority, and considering the total damages and percentages of negligence found by the ... jury, I conclude that [the] carrier is not entitled to any credit for applicant's third party recovery until the carrier has paid compensation benefits of $35,750 ($55,000 x 65%) ... in addition to the compensation benefits previously" reimbursed. The board adopted these reasons in denying petitioners' petition for reconsideration.

### DISCUSSION

### I

Petitioners contend they are entitled to a full credit for the net amount of Webb's third party recovery. They say their responsibility for the injury was adjudicated in the third party action; that "recovery [there] was based principally on a strict products liability theory, which does not take ordinary contributory negligence into account." Alternatively, they claim the board should not have relied upon the jury finding of employer negligence. We affirm the order of the board.

### II

Labor Code section 3861 generally permits a credit against workers' compensation benefits of the portion of an employee's third party award which has not been applied to reimburse the employer. (§ 3861.) In *Witt* v. *Jackson, supra,* 57 Cal.2d at page 69, the Supreme Court denied reimbursement of compensation benefits out of damages in a third party action attributable to the employer's negligence. It applied common law principles of contributory negligence and held that an employer could not profit from his own wrong, notwithstanding a double recovery by the employee for his injuries. In *Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884 [117 Cal.Rptr. 683, 528 P.2d 771], this principle was applied to the determination of credit pursuant to Labor Code section 3861. "Construed in relation to the *Witt* v. *Jackson*

rule, which denies reimbursement to a concurrently negligent employer, section 3861 is a delegation of authority for appeals board inquiry into the employee's defense of employer negligence. (*Nelsen v. Workmen's Comp. App. Bd. . . .* 11 Cal.App.3d at p. 478.)" (*Roe v. Workmen's Comp. Appeals Bd., supra,* 12 Cal.3d at p. 891.)

*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 829, modified *Witt v. Jackson* by application of the comparative negligence principles of *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393] and said that "'. . . where the employer's negligence has not been adjudicated in [the] third party action, the applicant is entitled to have it adjudicated before the Board.' [Citation.]" (*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at p. 835.)

Here, the board relied on comparative negligence principles to defeat the claim of credit. Petitioners complain that such principles do not apply to products liability and that *Ruiz v. Minnesota Mining & Mfg. Co., supra,* 15 Cal.App.3d 462, governs the proceeding before the board as it did in the third party action. It is not clear if they claim *Ruiz* is the law applicable to the board's determination or that the third party judgment is binding. We analyze the claim in both ways.

*Ruiz* held that an employer was not a joint tortfeasor in a products liability action by virtue of its failure to discover the product defect.[1] It reasoned that if the employer is also a consumer of the product that injures its employee and fails to discover the product defect or guard against its existence, the law of products liability (at the time) precludes contributory liability. Since the employer is not a joint tortfeasor, *Witt v. Jackson* does not apply. (*Ruiz,* at pp. 469-470.)

The board properly declined to apply *Ruiz* for it is no longer the law. *Ruiz* was eviscerated by the decision in *Daly v. General Motors Corp.* (1978) 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162], which held that the contributory negligence of a consumer is a proportionate bar to recovery for products liability. Accordingly, an employer's negligence makes it a joint tortfeasor in a products liability case and *Witt v. Jackson* and its progeny do apply.

---

[1] It distinguished negligence premised upon discovery of the defect and the product's subsequent unreasonable use. The court said that such negligence was not at issue in the case.

### III

Petitioners can prevail only if *Ruiz* is binding upon the board by virtue of the judgment in the third party action. This tenders an issue of collateral estoppel.

Mission intervened in the third party action. Judgment was entered for the full amount of damages against the third parties, despite a jury finding of Anderson's negligence. Because *Ruiz* was the law at the time of the decision, we infer that the employer's negligence was not with knowledge of the product defect. It follows that such a determination was necessary to the judgment. (See Code Civ. Proc., § 1911.) The question arises whether the board may redetermine such negligence or utilize the jury finding to impose liability for purposes of Labor Code section 3861.

 Collateral estoppel operates between judicial and board determinations. *Roe* described the relationship of court to agency as "a statutory-decisional system in which both trial court and workmen's compensation agency are bound to accept the other's prior adjudication of employer negligence but free to adjudicate the issue if it is yet unsettled." (*Roe* v. *Workmen's Comp. Appeals Bd., supra*, 12 Cal.3d at p. 892; see also *Nelsen* v. *Workmen's Comp. App. Bd.* (1970) 11 Cal. App.3d 472 [89 Cal.Rptr. 638].) We are thus directed to the law of res judicata.

 The general rule is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (Rest.2d Judgments, § 27, p. 250; see also Code Civ. Proc., § 1911; *Smith* v. *Smith* (1981) 127 Cal.App.3d 203, 208 [179 Cal.Rptr. 492].)[2] However, Webb's case falls squarely within an exception to this general rule of issue preclusion. Redetermination is not barred when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action . . . ." (Rest.2d Judgments, § 28, subd. (1), p. 273.) Webb was the prevailing party in the third party action. Because of *Ruiz*, the jury

---

[2]We assume arguendo the identical issue of employer negligence was presented in Webb's civil action and the board proceedings. (See *Jackson* v. *City of Sacramento* (1981) 117 Cal.App.3d 596, 602 [172 Cal.Rptr. 826]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 198, pp. 3336-3337.)

finding of employer negligence did not affect the liability of the third parties. Webb consequently was not aggrieved and could not appeal the judgment. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal § 121, pp. 4118-4119.) He therefore was not collaterally estopped to tender the issue of employer fault in the administrative forum. Similarly, the board was not bound by the jury verdict of employer negligence.

Freed from the constraints of collateral estoppel the board was empowered to apply the law applicable at the time of the administrative determination. That law is to be found in *Daly* v. *General Motors Corp.*, discussed *supra*. █ *Daly* retroactively requires application of comparative negligence principles to products liability claims which have not been finally adjudicated. (20 Cal.3d at pp. 743-744.)[3] The board correctly relied upon principles of comparative negligence.

## IV

Petitioners alternatively contend the board erred in utilizing the jury finding of negligence in the third party action to calculate the amount of the third party award attributable to Anderson's degree of fault. We would agree with the contention but for their failure to preserve the issue. █ The board should have independently determined their share of fault if put in issue. Petitioners correctly observe that the comparative degree of negligence of the parties is not equivalent to the comparative degree of fault. It is the latter parameter that should have governed the calculation of the offset required before petitioners were entitled to a credit.[4] (See *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra*, 22 Cal.3d at pp. 842-843.) Moreover, for reasons advanced above, the board was not collaterally bound by the jury verdict of employer negligence in the third party action. Nevertheless, we uphold the board's decision.

---

[3] *Ruiz* also contravenes a public policy principle applicable to the determination of an employer's entitlement to credit. A negligent employer should not profit from its own wrong. The principle has a sound pragmatic basis. Refusal to allow reimbursement to negligent employers places pressure on the compensation insurance industry and the employer community to work to reduce the hazards of the workplace. This spur to reduce accidents is one of the underlying principles of the workers' compensation insurance system. (See 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (1982) § 1.05, p. 1-27.)

[4] The jury verdicts in this case predated *Daly* v. *General Motors Corp., supra*, 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162], and *Safeway Stores, Inc.* v. *Nest-Kart* (1978) 21 Cal.3d 322 [146 Cal.Rptr. 550, 579 P.2d 441] (holding that when the question of indemnity arose apportionment of fault should be effected between a strictly liable defendant and a negligent defendant). Thus, no comparison was made in the judicial forum of *fault* of the parties. ""Fault" includes acts or omissions that are in any

Petitioners asked the workers' compensation judge to independently determine their comparative fault if he rejected the applicability of *Ruiz*. However, they did not preserve this point in their petition to the board for reconsideration of his decision. (See Lab. Code, § 5904.) On the contrary, they placed all of their marbles in the *Ruiz* basket and contended only that comparative negligence principles had *no* application.

The function of the request for rehearing is to give the board an opportunity to rectify errors made by the workers' compensation judge. (See generally, *U.S. Auto Stores* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 476-477 [93 Cal.Rptr. 575, 482 P.2d 199].) █ The failure to adjudicate a claim by the board is not reviewable if the argument in support of the petition for reconsideration is not directed to the failure. (See *Cowell* v. *Industrial Acc. Com.* (1938) 11 Cal.2d 172, 179 [78 P.2d 1016].) Petitioners' failure to preserve this point bars them from raising it anew in this court.

The decision of the Workers' Compensation Appeals Board is affirmed.[5]

Puglia, P. J., and Evans, J., concurred.

.

---

measure negligent or reckless toward the person or property of the actor or others, *or that subject a person to strict tort liability.*'" (*Daly*, 20 Cal.3d at p. 741.) It is analytically possible that some fault was attributable to negligence and some attributable to a defect in the product that arose in the absence of negligence. While a comparison of negligence was made, a comparison of fault was not.

[5]This result works no injustice. Since the judicial proceedings were conducted when *Ruiz* was good law, petitioners received the full amount of their lien from the third party, which also paid Webb's damages without any offset for petitioners' contributory negligence. As has been aptly observed, "[w]hen the employer/carrier then goes before the appeals board protesting the *employee's* double recovery, one asks: 'What's Hecuba to him or he to Hecuba, that he should weep for her?' If the employer's negligence contributed to the accident, the double recovery was gained not from him but from the third party, who [could] not claim a deduction for employer negligence." (Italics added.) (*Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771].)